No. 23-50746

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

GARY PEREZ AND MATILDE TORRES,

*Plaintiffs-Appellants,*

v.

CITY OF SAN ANTONIO,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Texas (Biery, J.)

## EMERGENCY MOTION OF APPELLANTS GARY PEREZ AND MATILDE TORRES TO CLARIFY TEMPORARY ADMINISTRATIVE STAY ORDER – OPPOSED MOTION

Mark W. Rasmussen
Margaret I. Lyle
Jonathan D. Guynn
Chance McCraw
Timothy M. Villari
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
E-mail: mrasmussen@jonesday.com
E-mail: milyle@JonesDay.com
E-mail: jguynn@jonesday.com
E-mail: cmccraw@jonesday.com
E-mail: tvillari@jonesday.com


ATTORNEYS FOR PLAINTIFFS

John Greil
Steven T. Collis
Law & Religion Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Telephone: +1.512.471.5151
E-mail: john.greil@law.utexas.edu
E-mail: steve.collis@law.utexas.edu

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF INTERESTED PERSONS

*Perez, et al. v. City of San Antonio*, No. 23-50746

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Plaintiffs-Appellants Gary Perez and Matilde Torres

   Mark W. Rasmussen
   JONES DAY
   2727 N. Harwood St.
   Dallas, TX  75201

   Margaret I. Lyle
   JONES DAY
   2727 N. Harwood St.
   Dallas, TX  75201

   Jonathan D. Guynn
   JONES DAY
   2727 N. Harwood St.
   Dallas, TX  75201

   Chance McCraw
   JONES DAY
   2727 N. Harwood St.
   Dallas, TX  75201

   Timothy M. Villari
   JONES DAY
   2727 N. Harwood St.
   Dallas, TX  75201

   John Greil
   Law and Religion Clinic

University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705

Steven T. Collis
Law and Religion Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705

2. Defendant-Appellee City of San Antonio

Fred R. Jones
Langley & Banack, Incorporated
745 East Mulberry Avenue
Suite 700
San Antonio, TX 78212
Tel: (210) 736-6600
Fax: (210) 735-6889
Email: fjones@langleybanack.com

Ian M. McLin
Langley & Banack, Incorporated
745 East Mulberry Avenue
Suite 700
San Antonio, TX 78212
Tel: (210) 736-6600
Fax: (210) 735-6889
Email: imclin@langleybanack.com

Lee Brinson Warren
Langley & Banack, Incorporated
745 East Mulberry Avenue
Suite 700
San Antonio, TX 78212
Tel: (210) 736-6600
Fax: (210) 735-6889
Email: warren@goodelaw.com

Natalie Friend Wilson
Langley & Banack, Incorporated

745 East Mulberry Avenue
Suite 700
San Antonio, TX 78212
Tel: (210) 736-6600
Fax: (210) 735-6889
Email: nwilson@langleybanack.com

Sara Murray
Langley & Banack, Incorporated
745 East Mulberry Avenue Suite 700
San Antonio, TX 78212
Tel: (210) 736-6600
Fax: (210) 735-6889
Email: smurray@langleybanack.com

City of San Antonio
Deborah Klein
Deputy City Attorney
International Center
203 South St. Mary's Street, Second Floor
San Antonio, TX 78205
Telephone: (210) 207-8949
Facsimile: (210) 207-4004
Email: Deborah.Klein@sanantonio.gov

Jane Webre
Scott Douglas &McConnico, LLP
Colorado Tower
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
Email: jwebre@scottdoug.com

/s/ *Mark W. Rasmussen*
Mark W. Rasmussen

## INTRODUCTION

Plaintiffs-Appellants Gary Perez and Matilde Torres respectfully request the Court to clarify its Temporary Administrative Stay Order issued October 27, 2023, Dkt. 74 ("Stay Order"). <u>Plaintiffs request this clarification on an expedited basis by Monday, February 19, 2024,</u> because Defendant-Appellee the City of San Antonio has indicated it intends to take action by that date that Plaintiffs believe violates the Stay Order.

Plaintiffs interpret the Stay Order to bar, until further order of this Court, Defendant-Appellee the City of San Antonio from (i) deterring cormorants from nesting in the Project Area[1] of Brackenridge Park and (ii) commencing construction that would remove the trees at issue in Plaintiffs' pending appeal. Plaintiffs understand the Stay Order as a temporary administrative measure to preserve the status quo and protect this Court's jurisdiction to decide the merits of Plaintiffs' constitutional and statutory free-exercise claims. The City has said, however, that it plans to commence bird deterrence measures on February 19, 2024, and begin construction in the Project Area as soon as it receives necessary permits from the United States Corps of Engineers, notwithstanding this Court's Stay Order.

Clarification of the Stay Order is therefore urgently needed to resolve the parties' disagreement and to prevent the City's imminent and permanent destruction of the

---

[1] Capitalized terms that are not defined in this brief are defined in Dkt. 6,Emergency Motion of Appellants Gary Perez and Matilde Torres for an Injunction Pending Appeal and to Expedite Appeal (Opposed Motion).

spiritual ecology of the riverbend area in the park that Plaintiffs hold sacred. Plaintiffs have conferred with the City, which opposes this motion. Plaintiffs certify that the facts supporting this emergency motion are true and complete.

## A.    Background

In their emergency motion for an injunction pending appeal and to expedite the appeal, Plaintiff-Appellants requested three forms of relief, to:

> enjoin (pending appeal) the City (1) from preventing Plaintiffs from accessing the Sacred Area for personal and group worship and related religious activities; (2) from implementing the bond project as currently designed with respect to tree removal; and (3) from engaging in anti-nesting measures that result in displacing cormorants from the Sacred Area.

Dkt. 6 at 20.

The City opposed that motion, requesting that this Court "not grant an injunction pending appeal, and should not stay or modify the District Court's preliminary injunction rulings pending trial on the merits of this case." Dkt. 48 at 1.

A motion panel of this Court ordered the following:

> IT IS ORDERED that Appellants' opposed motion for an injunction pending appeal is CARRIED WITH THE CASE.
>
> IT IS FURTHER ORDERED that Appellants' opposed motion to expedite the appeal is GRANTED.
>
> IT IS FURTHER ORDERED that a temporary administrative stay is issued until further orders of the court.

Dkt. 74 at 1.

Plaintiffs now respectfully request that this Court clarify the part of the Stay Order that issues a temporary administrative stay.

### B.    Plaintiffs seek clarification of the extent of the temporary administrative stay.

This Court stated "that a temporary administrative stay is issued until further orders of the court." *Id.* But the parties disagree about *what* has been stayed. Plaintiffs understand this Court's order to mean that the City may not destroy the trees and prevent nesting of cormorants in the Project Area.[2] But the City has indicated that it has a contrary understanding of this Court's order. The City believes that this Court's Stay Order does not, in any way, prevent the City from commencing destructive tree-removal and anti-nesting activities in the Project Area. The City now intends to begin bird deterrence on February 19, 2024, and to commence with construction and removal of trees within the Project Area as soon as practicable should it obtain the required permit from the United States Army Corps of Engineers.[3]

As to the three forms of relief requested in Plaintiffs' motion for injunction pending appeal, Plaintiffs came before this Court having been granted partial (but not full) access to the Sacred Area, and having been denied injunctive relief against the City's

---

[2] The City's opening brief abandoned its opposition to Plaintiffs' access claims, and so the effect of the Stay Order on access to the Sacred Area is not a matter of current disagreement between the parties.

[3] The City has routinely represented varying start dates for construction. Plaintiffs must take seriously the City's warnings, as failure to do so could risk the irreparable destruction of the spiritual ecology of the Project Area.

proposed destruction of trees and planned anti-nesting measures. *See Perez v. City of San Antonio*, No. 23-977, 2023 WL 6629823, at *1–2 (W.D. Tex. Oct. 11, 2023) (granting group access on "specified astronomical dates" but denying "individual access" at other times).

Plaintiffs respectfully submit that the language of this Court's Stay Order, "a temporary administrative stay is issued until further orders of the court," Dkt. 74 at 1, should be interpreted to mean that this Court intended to stay the City from (1) denying access for individual and group worship, (2) implementing the bond project as currently designed with respect to tree removal, and (3) engaging in anti-nesting measures against cormorants in the Sacred Area, until further order of this Court. Plaintiffs' interpretation of the Stay Order makes sense and is consistent with the purpose of temporary administrative relief to preserve the status quo and protect this Court's jurisdiction to decide this appeal on the merits.

C. **Plaintiffs seek clarification of the meaning of the stay because the City's interpretation threatens irreparable and imminent harm.**

Plaintiffs seek clarification of the Stay Order because of a real threat to the religious aspects that are at issue in this lawsuit: the presence of trees in the Project Area and the nesting of cormorants in those trees. If not stayed, the City will displace nesting cormorants, and permanently desecrate the Project Area through unnecessary tree destruction. This could happen during the pendency of this appeal, disrupting the status quo and interfering with this Court's jurisdiction. More importantly, the

4

threatened construction would cause Plaintiffs to suffer irreparable harm to the free exercise of their religion.

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012). And if the City proceeds with its tree removal, it will also undertake a desecration that can never be undone.

### D. Conclusion and request for relief

Specifically, Plaintiffs request the Court to clarify that the Stay Order by this Court stays the City, until further order of this Court, from implementing the bond project as currently designed with respect to tree removal and from engaging in anti-nesting measures that result in displacing cormorants from the Sacred Area. Plaintiffs respectfully request this relief by Monday, February 19, 2024, to prohibit the City from commencing its planned bird deterrence activities with respect to cormorants.

In the alternative, Plaintiffs respectfully request the Court to grant Plaintiffs' emergency motion for injunction pending appeal, Emergency Motion of Appellants Gary Perez and Matilde Torres for an Injunction Pending Appeal and to Expedite Appeal (Opposed Motion), Dkt. 6, which is fully briefed and which was carried with the case by the Stay Order.

Plaintiffs request such other and further relief as may be appropriate to preserve the status quo and protect this Court's jurisdiction to decide this appeal on the merits. Accordingly, good cause exists to grant this motion.

February 15, 2024                                         Respectfully submitted,


                                                          */s/ John Greil*
Mark W. Rasmussen                                         John Greil
Margaret I. Lyle                                          Steven T. Collis
Jonathan D. Guynn                                         LAW AND RELIGION CLINIC
Chance McCraw                                             UNIVERSITY OF TEXAS SCHOOL OF LAW
Timothy M. Villari                                        727 East Dean Keeton St.
JONES DAY                                                 Austin, Texas 78705
2727 N. Harwood St.                                       (512)-471-5151
Dallas, Texas 75201                                       john.greil@law.utexas.edu
214-220-3939                                              Steve.collis@law.utexas.edu
mrasmussen@jonesday.com
milyle@JonesDay.com
jguynn@jonesday.com                                       *Counsel for Plaintiffs*
cmccraw@jonesday.com
tvillari@jonesday.com



*Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I certify that on February 14, 2024, counsel for Plaintiffs-Appellants Gary Perez and Matilde Torres contacted counsel for Defendant-Appellee regarding this motion and the relief requested herein, having previously communicated with Counsel regarding the issues on February 9, 2024. Counsel indicated they are opposed to this motion.

*/s/ John Greil*

John Greil

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 15, 2024, the foregoing motion was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, and that all parties required to be served have been served. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ *Chance B. McCraw*
Chance B. McCraw
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,128 words, excluding parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond) using Microsoft Word (the program used for the word count).

Dated:  February 15, 2024

*/s/ Chance B. McCraw*
Chance B. McCraw
*Counsel for Plaintiffs*
