No. 23-50746

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

GARY PEREZ AND MATILDE TORRES,

*Plaintiffs-Appellants,*

v.

CITY OF SAN ANTONIO,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Texas (Biery, J.)

# REPLY IN SUPPORT OF EMERGENCY MOTION OF APPELLANTS GARY PEREZ AND MATILDE TORRES TO CLARIFY TEMPORARY ADMINISTRATIVE STAY ORDER – OPPOSED MOTION

Mark W. Rasmussen
Margaret I. Lyle
Jonathan D. Guynn
Chance McCraw
Timothy M. Villari
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
E-mail: mrasmussen@jonesday.com
E-mail: milyle@JonesDay.com
E-mail: jguynn@jonesday.com
E-mail: cmccraw@jonesday.com
E-mail: tvillari@jonesday.com

ATTORNEYS FOR PLAINTIFFS

John Greil
Steven T. Collis
Law & Religion Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Telephone: +1.512.471.5151
E-mail: john.greil@law.utexas.edu
E-mail: steve.collis@law.utexas.edu

ATTORNEYS FOR PLAINTIFFS

# INTRODUCTION

In their motion to clarify, Plaintiffs presented a logical reading of this Court's Stay Order: The Stay Order issued temporary administrative relief to put at a standstill the City's then-imminent plans to cut down the trees and drive cormorants out of the Project Area. The temporary administrative stay thus protected this Court's jurisdiction to decide Plaintiffs' appeal on its merits. It also preserved this Court's jurisdiction to decide in an orderly fashion Plaintiffs' emergency motion for injunction pending appeal, which was carried with the case and is still pending. In so doing, this Court maintained the status quo and prevented irreparable injury to the Plaintiffs' religious practice in the Sacred Area of Brackenridge Park, as a temporary administrative measure until further order of this Court.

By contrast, the City's opposition advances the illogical proposition that this Court's Stay Order granted temporary administrative relief that no party requested and that both parties agree would have been unconstitutional—by entering the Stay Order, the City says, this Court intended to administratively stay the district court's partial grant of access to the Sacred Area for Plaintiffs' group worship. The City's interpretation is wrong. The City also questions this Court's authority to issue temporary administrative relief that has the effect of a standstill, when such relief is necessary to preserve this Court's jurisdiction and to enable this Court to decide matters pending on its docket in an orderly fashion. That is wrong as well.

What is clear is that the City believes that nothing in this Court's Stay Order now prohibits the City from cutting down trees and driving cormorants from the Project Area. And the City has told Plaintiffs that commencement of "bird deterrence" efforts in the Project Area is imminent. Accordingly, this Court's clarification of the Stay Order is necessary and appropriate. Understanding the expedition of this motion, Plaintiffs-Appellants Gary Perez and Matilde Torres make a brief reply on these points and a few others.

## ARGUMENT

The City submits that an administrative stay *cannot* provide affirmative relief: "The only aspect of that order that could have been 'stayed' by this Court is the access injunction, which is now moot as the City opened access to the Sacred Area." Opp. Br. at 2. That is incorrect. This Court can and does issue temporary relief to plaintiff-appellants through administrative stays. *See, e.g.*, Dkt. 38-2, *Texas v. DHS*, No. 23-50869 (5th Cir. Dec. 4, 2023) (defendant-appellee enjoined through "temporary administrative stay" where plaintiff-appellant appealed district court's denial of motion for preliminary injunction); Dkt. 41-1, *Career Colls. and Schs. of Tex. v. Dep't of Educ.*, No. 23-50491 (5th Cir. July 27, 2023) (defendant-appellee enjoined through "administrative stay" where plaintiff-appellant appealed district court's denial of motion for preliminary injunction). This Court has inherent power to issue such temporary administrative relief to protect its jurisdiction to decide motions and appeals on their merits, and to manage its docket in an orderly fashion.

The City's interpretation of the Stay Order is equally incorrect. It does not make sense that the Stay Order would cancel Plaintiffs' partial relief for group worship, when Plaintiffs were asking this Court for more relief—full worship access, a prohibition on cormorant displacement, and stopping all planned tree removal—and the only relief that the City did not oppose at that time was the grant of that partial injunction. Dkt. 48 at 11 ("[T]he City has not appealed or cross-appealed the District Court's preliminary injunction rulings granting Appellants access . . . ."). Moreover, the City did not itself request any stay of the district court's preliminary injunction order. Indeed, the City urged this Court not to stay or modify it. Dkt. 48 at 1. On the City's reading, this Court stayed an order that partially vindicated Plaintiff's constitutional rights, when no one had asked for such a stay, when all then agreed that at least that partial relief was proper, and when Plaintiffs had asked this Court for additional relief to further protect religious liberty in their motion for injunction pending appeal. Plaintiffs do not attribute such actions to this Court and respectfully urge that clarification is needed because of the City's plan to, in Plaintiffs' understanding, violate the Stay Order.

Next, the City wrongly frames the status quo in terms of the district court denying an injunction against the rookery management program. *See* Opp. Br. at 9 ("That means the rookery management program remains as it always has been—not enjoined by any court."). But the relevant status quo is the "last peaceable uncontested status existing between the parties before the dispute developed." 11A Wright & Miller, Federal Practice & Procedure § 2948 (3d ed. 2022); *accord Wages & White Lion Invs.,*

3

*L.L.C. v. FDA*, 16 F.4th 1130, 1144 (5th Cir. 2021) (describing "the *status quo*" as "the state of affairs before" the challenged government action) (quoting *Nken v. Holder*, 556 U.S. 418, 429 (2009)). In the last peaceable uncontested status here, Plaintiffs worshipped in the Sacred Area in the presence of water, nesting cormorants, and trees that Plaintiffs sincerely believe represent a sacred continuity between the lower, middle, and upper worlds, allowing Plaintiffs' prayers to rise to the Almighty. The City's conducting anti-nesting measures against cormorants in the Project Area disrupts this status quo, irreparably harms Plaintiffs by violating their constitutional and statutory rights to religious freedom, and interferes with this Court's jurisdiction to decide this appeal on the merits.

For avoidance of doubt—and because the City's opposition is not always clear on this point—Plaintiffs also state that their emergency motion for an injunction pending appeal remains pending before this Court. It was carried with the case. This Court has not denied Plaintiffs' motion for an injunction pending appeal, nor has this Court declined to grant the relief Plaintiffs seek in that motion. The temporary administrative relief in the Stay Order is therefore entirely appropriate to protect this Court's jurisdiction to decide that still-pending motion, as well as this Court's jurisdiction to decide the merits of this appeal.

Finally, the City spends considerable time and space re-briefing the anti-cormorant-nesting issue, continuing the City's unconstitutional challenge to the content and meaning of Plaintiffs' religious beliefs. The merits of that dispute are not relevant

4

to Plaintiffs' Motion to Clarify, but if a limited response is helpful, Plaintiffs testified that they believe the nesting of cormorants is essential to the area's spiritual ecology, Tr. 44:7–14, and that the birds are part of their religious services as the cormorants "tell that story" of creation and "it's what takes our prayers, you know, to the heavens," Tr. 147:21–148:6; 135:4–6. They testified unequivocally that the cormorants must *nest* (not just visit) *in the Project Area* (not just nearby). Tr. 94:22–95:19. And the City's own witness testified that the City never even *tried* to accommodate Plaintiffs' religious practice. Tr. 429:24–430:2 ("Q: So the City hasn't specifically tried to accommodate plaintiffs' religious exercise in crafting the bird deterrence, though, correct? A: Correct."). Beyond those clarifications, the issue has received significant briefing in the motion for injunction pending appeal and the merits briefing, to which Plaintiffs respectfully refer the Court.

## CONCLUSION

In response to the City's arguments, Plaintiffs have repeated that they do not oppose repair and reconstruction of the Lambert Beach retaining walls. Far from it. But this litigation is necessary because the City refused (and still refuses) to explore whether it could achieve its objectives while also accommodating Plaintiffs' sincere religious practice. But a decision on the merits of the anti-nesting measures is not necessary to decide this Motion. Plaintiffs merely request that this Court clarify the Stay Order. Properly interpreted, it preserves the status quo, prevents irreparable injury, and protects this Court's jurisdiction to decide the merits of this appeal.

February 16, 2024

Mark W. Rasmussen
Margaret I. Lyle
Jonathan D. Guynn
Chance McCraw
Timothy M. Villari
JONES DAY
2727 N. Harwood St.
Dallas, Texas 75201
214-220-3939
mrasmussen@jonesday.com
milyle@JonesDay.com
jguynn@jonesday.com
cmccraw@jonesday.com
tvillari@jonesday.com

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ *John Greil*
John Greil
Steven T. Collis
LAW AND RELIGION CLINIC
UNIVERSITY OF TEXAS SCHOOL OF LAW
727 East Dean Keeton St.
Austin, Texas 78705
(512)-471-5151
john.greil@law.utexas.edu
Steve.collis@law.utexas.edu

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

     I certify that on February 16, 2024, the foregoing motion was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, and that all parties required to be served have been served. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

                                             */s/ Chance B. McCraw*
                                             Chance B. McCraw
                                             *Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,290 words, excluding parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond) using Microsoft Word (the program used for the word count).

Dated:  February 16, 2024

*/s/ Chance B. McCraw*
Chance B. McCraw
*Counsel for Plaintiffs*
