CASE NO. 23-50746

───────────────────────────────────────

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────────────────────────────

GARY PEREZ; MATILDE TORRES,
*Plaintiffs–Appellants / Cross-Appellees*

v.

CITY OF SAN ANTONIO,
*Defendant–Appellee / Cross-Appellant*

───────────────────────────────────────

**OPPOSED EMERGENCY MOTION FOR RELIEF FROM
ADMINISTRATIVE STAY REGARDING
ROOKERY MANAGEMENT ACTIVITIES**

───────────────────────────────────────

By order (Dkt. 186-1) issued Friday, February 16, the Court granted in part the motion to clarify the Court's temporary administrative stay filed by Plaintiffs-Appellants Gary Perez and Matilde Torres ("Plaintiffs"). Plaintiffs' motion was prompted by the City's notice that it would commence its rookery management program beginning on Monday, February 19. The Order stated that the administrative stay remains in effect so long as the parties are participating in good faith in the mediation program, but explained that any party can move to lift the stay, in whole or in part.

4881-7161-8982

Defendant-Appellee the City of San Antonio (the "City") files this motion to lift the temporary administrative stay in part as to the bird deterrent activities. <u>Time is of the essence on these activities</u>. If the early-arriving migratory birds are not deterred from nesting in the highly-urbanized management area when they arrive this month, then: (1) those areas of the park will continue to present a serious public health hazard, especially to children, because of excessive fecal contamination, and (2) the City will not be able to commence any construction activities in the Project Area until all birds depart in October after the "first cold snap," even if this appeal is resolved earlier by either mediated settlement or a decision of the Court.

Collectively, these foreseeable consequences threaten public safety, prevent use of a large area of Brackenridge Park by members of the public, and will cause significant harm to the City and its residents, all without Plaintiffs satisfying any of the necessary elements to obtain an injunction on appeal. Because of the time-sensitive nature of this request, the City asks the Court to rule on this motion by **February 22**.

Plaintiffs oppose this relief.

## MOTION FOR RELIEF

A.  <u>The importance of timing and realities of bird deterrence</u>

The City's rookery management activities are timed with the known migration patterns of colonial migratory birds because different species of birds migrate at different times. Certain herons and egrets arrive first; they are seen "as early as February." Tr.549:1-23. The cormorants arrive each year in April or May, "or oftentimes later." *Id*. The bird deterrent activities "do not harm the birds or keep them from reproducing." ROA.2426. All of the migratory birds in the Park, including the cormorants, leave and "migrate further down south" at the "first cold snap," which generally occurs in "[m]id to late October." Tr.565:6-7.

Because the first migratory birds begin arriving each year in February, the City must begin its bird deterrent activities in February in order to prevent those species from nesting in the area. If the early-arriving species nest in the area, the City cannot later disturb them. The migration timing issues are significant in a number of ways.

**First**, no cormorants would be deterred by activities now or for the next several months because they do not migrate to San Antonio until April or May. Plaintiffs' request for relief speaks only in terms of

3

"deterring cormorants from nesting in the Project Area." Motion (Dkt.173) p.1. The Court's order likewise references "prohibition on cormorant displacement." But no cormorants will be deterred or displaced because they have not yet migrated to San Antonio. The only birds that would be deterred at this time are herons and egrets. Staying the bird deterrent activities at this time thus does not redress Plaintiffs' free exercise claims.

**Second**, bird deterrent activities are currently ongoing by other entities (not the City) near the Park. The San Antonio Zoo is engaged in bird deterrent activities immediately adjacent to the Project Area. The Episcopal Diocese-West Texas is engaged in bird deterrent activities on its properties a short distance north of the Project Area. Those nearby activities by other entities (1) confirm that migratory birds present significant challenges in the urbanized center of San Antonio, not just at the Park, and the City is not the only steward of land that must act to address the impact; and (2) may have the unfortunate effect of pushing migratory birds to nest within the Project Area if there are not corresponding deterrent efforts within the Project Area.

4

**Third**, the management/bird-deterrence area—an area that includes the Project Area but that is much larger in size—will again be covered in noxious bird guano, and many of the Park playgrounds, picnic areas, and trails will be unsuitable for use by humans, resulting in additional closure of access. In addition, the entire Project Area except the Sacred Area (which will also be covered in guano) will be closed. The adverse impact of the bird guano is discussed at pages 9-16 of the City's Brief of Appellee, including photographs from the injunction hearing that graphically show the severity of the problem. Mitigating this public health hazard is a substantial and compelling governmental interest, and the bird deterrent activities—which do not physically harm any birds or prevent them from nesting elsewhere in the 343-acre Park—are the least restrictive means to advance that compelling interest.

**Fourth**, staying the bird deterrent activities now, even for a short time, translates to almost a year's delay in commencing construction on the Park Project even if Plaintiffs' challenges to the Project are resolved earlier by either a mediated settlement or a decision by this Court. A temporary stay is thus not temporary at all. The Migratory Bird Treaty Act forbids construction interference with actively nesting migratory

4881-7161-8982

birds and their nests. Under the mandates of that Act, if the early-arriving migratory birds establish nests in the Project Area now, the City cannot commence any construction activities in the area until after the migratory birds leave after the first cold snap in October. Given the crumbling riverbank walls involved in the Project, delaying their repair likewise adversely impacts public safety. Additional failures of river walls in turn could cause large trees to fail, which presents a risk to park visitors and park infrastructure. All of this undermines the goal of completing the Project expeditiously so that all Park visitors, including Plaintiffs, can safely enjoy the Park and its amenities.

Staying the bird deterrent activities is thus not an insignificant matter, but the current administrative stay grants that relief without requiring Plaintiffs to meet the high burden of an injunction on appeal. The City asks this Court to grant it relief from the administrative stay to allow it to commence the bird deterrent activities immediately, before the early-arriving migratory species nest in the management area.

B.   Significance to the mediation program

The City has participated in good faith in the mediation program to date, and it desires to continue to do so in an effort to reach an agreement,

6

4881-7161-8982

particularly regarding the tree-removal issues. The mediation process has, however, proved a lengthy process. At Plaintiffs' request this Court expedited this appeal such that all briefing and oral argument were completed in just one month. But more than two months have passed since the Court, after oral argument, referred the parties to the mediation program. During that passage of time, the bird migration schedule has caught up to the litigation, and it now requires action.

The bird deterrent activities are time-sensitive. They do not entail any permanent impact on migratory species, including the cormorants that are not expected to arrive until April or May. The City asks this Court to lift the administrative stay in part and allow it to begin the bird deterrent activities within the management area immediately.

The Court's February 16 Order ties the stay directly to mediation and states that the administrative stay will remain in effect "while the parties continue to participate in good faith in our Circuit's Mediation Program." If the Court will not lift the administrative stay to the extent necessary to allow the City to commence the important bird deterrent activities, then the City may seek to withdraw from participation in

7

mediation. Such a significant measure is not necessary, however, if the Court grants this motion and lifts the stay in part.

WHEREFORE the City of San Antonio prays that the Court grant it relief from the administrative stay to allow it to begin its rookery management activities immediately.

        Respectfully submitted,

        */s/ Jane Webre*
        Jane Webre
        State Bar No. 21050060
        jwebre@scottdoug.com
        SCOTT DOUGLASS & MCCONNICO, LLP
        Colorado Tower
        303 Colorado Street, Suite 2400
        Austin, TX 78701
        Telephone: (512) 495-6300
        Facsimile: (512) 495-6399

        LANGLEY & BANACK, INC.
        FRED R. JONES
        State Bar No. 10886700
        fjones@langleybanack.com
        NATALIE F. WILSON
        State Bar No. 24076779
        nwilson@langleybanack.com
        IAN M. MCLIN
        State Bar No. 24005071
        imclin@langleybanack.com
        LEE WARREN
        State Bar No. 24099453
        lwarren@langleybanack.com
        SARA MURRAY

State Bar No. 14729400
[smurray@langleybanack.com](smurray@langleybanack.com)
745 East Mulberry, Suite 700
San Antonio, TX 78212-3166
Telephone: (210) 736-6600
Facsimile: 210) 736-6889
CITY OF SAN ANTONIO

DEBORAH KLEIN
Deputy City Attorney
State Bar No. 11556750
[Deborah.Klein@sanantonio.gov](Deborah.Klein@sanantonio.gov)
International Center
203 S. St. Mary's Street,
2nd Floor
San Antonio, TX 78205
Telephone: (210) 207-8949
Facsimile: (210) 207-4004

**ATTORNEYS FOR DEFENDANT-APPELLEE CITY OF SAN ANTONIO**

## CERTIFICATE OF SERVICE

I certify that on February 19, 2024, I electronically filed the foregoing pleading via the CM/ECF system, which will provide notice to counsel of record for Plaintiffs-Appellants:

| | |
|---|---|
| Mark W. Rasmussen<br>mrasmussen@jonesday.com<br>Margaret I. Lyle<br>milyle@jonesday.com<br>Jonathan D. Guynn<br>jguynn@jonesday.com<br>Chance McCraw<br>cmccraw@jonesday.com<br>Timothy M. Villari<br>tvillari@jonesday.com<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, TX 75201 | John Greil<br>john.greil@law.utexas.edu<br>Steven T. Collis<br>steve.collis@law.utexas.edu<br>LAW AND RELIGION CLINIC<br>UNIVERSITY OF TEXAS SCHOOL OF LAW<br>727 East Dean Keaton Street<br>Austin, TX 78705 |

                                                    _____
                                                          Jane Webre

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type-Style Requirements

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1350 words, excluding exempt parts. It complies with the typeface and type style requirements of Rule 27(d)(1)(E) because it was prepared in a proportionally spaced typeface (14-point Century Schoolbook). I understand that a material misrepresentation in this certificate of compliance may result in striking the pleading and in sanctions against the person signing the pleading.

_____
Jane Webre

February 19, 2024