# Supreme Court of Texas

No. 24-0714

Gary Perez; Matilde Torres,
*Appellants*,

v.

City of San Antonio,
*Appellee*

On Certified Question from the United States
Court of Appeals for the Fifth Circuit

Statement of JUSTICE YOUNG respecting the denial of the motion for participation in oral argument.

Amicus curiae First Liberty Institute requests five minutes during the oral argument set in this case. I would grant its motion.

This case involves a certified question that requires us to construe an important provision of the Texas Constitution's Bill of Rights—a provision that is not quite three years old. The new provision uses sweeping language to protect religious liberty:

> This state or a political subdivision of this state may not enact, adopt, or issue a statute, order, proclamation, decision, or rule that prohibits or limits religious services, including religious services conducted in churches, congregations, and places of worship, in this state by a religious organization established to support and serve the

propagation of a sincerely held religious belief.

Tex. Const. art. I, § 6-a.

We have no experience with § 6-a—none at all. No Texas court has construed it. Except for a reference in Justice Blacklock's recent concurrence, no Texas court has even cited it in an opinion. *See State v. Loe*, 692 S.W.3d 215, 247 (Tex. 2024) (Blacklock, J., concurring). This case did not come through the Texas court system, so none of our lower courts has had the opportunity to test competing understandings of the provision in this particular context, either.

Ordinarily, we would not venture into jurisprudential terrain like this before the lower courts have well scouted it; such caution is sound because an error by this Court can be corrected only with great difficulty. But this case comes to us from the Fifth Circuit via a certified question, which we have accepted, so we must answer it the best we can. Under these circumstances, it seems sensible and advisable to receive additional help from those with demonstrable expertise and interest but who are not aligned with either party. Given the stakes, five minutes of oral argument time from amicus strikes me as an offer well worth accepting.

The Court instead denies the motion. In truth, this decision is consonant with the customs of the Court. We typically allow amici to share time with a willing party, but formally enlarging oral argument time is quite rare. Those rare exceptions, such as the examples that amicus cites, have come when the solicitor general asks the Court to hear the distinct interests of the State. At the least, it would be truly exceptional to allow a private amicus time of its own—but the present circumstances strike me as exceptional. For the same reason, if appellee

regards amicus's views as more consistent with appellants', I would gladly afford it commensurate additional time. With or without a motion, the oral argument in this case may well exceed the usual time, considering the important and novel constitutional issue presented.

In mitigation of the denial of today's motion, however, I note that this Court is exceedingly generous about hearing from amici aside from oral argument. Amicus briefs require no motion and have no deadlines. They are welcome any time—at the petition stage, after the Court calls for merits briefing, once the Court grants review, following oral argument, and on rehearing (including if the Court has denied review). An amicus may submit additional briefing as the case proceeds. Briefs may be as lengthy as those the parties file or as short as a postcard, reflecting how flexibly we view the requirement that an amicus brief "comply with the briefing rules for parties." Tex. R. App. P. 11(a). The only other formal requirements relate to disclosure and service. *Id.* R. 11(b)–(d).

I am unaware of any appellate system that is as welcoming of amicus participation. Consider the contrast with federal courts, which rigidly limit amicus briefing. *See, e.g.*, Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed."); U.S. Sup. Ct. R. 37.2 (a cert-stage amicus brief "shall be filed within 30 days after the case is placed on the docket or a response is called for . . . and that time will not be extended"); *id.* R. 37.3 (a merits-stage amicus brief "may be filed if it is submitted within 7 days after the brief for the party supported is filed").

The privilege of filing amicus briefs at any time is, of course, possible to abuse. Such a privilege would be unworkable at the U.S.

Supreme Court, which is frequently deluged with green-covered briefs. *See id.* R. 33.1(g) (prescribing the word limits and colors for the covers of every kind of brief, which Rule 33.1(a) requires to be printed in booklets measuring precisely 6⅛ by 9¼ inches). But this Court is rarely confronted, much less deluged, with briefs that test the limits of propriety or that interfere with the performance of our duties. I frequently regret the absence of *any* amicus briefs in some important cases; amicus briefs that are not useful almost always self-identify (unintentionally) fast enough to avoid being burdensome.

I belabor all this because of what it means in light of today's decision. This case came to us on certified question, so we have not had the usual rounds of briefing—but amicus has already provided a thoughtful brief for our consideration. If necessary, the same amicus (and any others) can further assist the Court even after oral argument. If an amicus believes that the argument has left the Court with a false or incomplete impression, or that the argument did not cover points that in an amicus's view are essential, or for any other reason believes that the Court would risk error without the benefit of additional assistance, that amicus could usefully supplement the docket with a post-submission amicus brief. No such brief will go unreviewed.

Because this option is available here but not in many courts across our country, denial of oral-argument time need not amount to a denial of valuable assistance in this or any case.

Evan A. Young  
Justice

**STATEMENT FILED:** November 1, 2024