No. 23-50746

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

Gary Perez and Matilde Torres,

*Plaintiffs-Appellants,*

v.

City of San Antonio,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Texas (Biery, J.)

**RESPONSE TO APPELLEE'S MOTION FOR
RELIEF FROM ADMINISTRATIVE STAY**

Mark W. Rasmussen
Margaret I. Lyle
Jonathan D. Guynn
Chance McCraw
Timothy M. Villari
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
E-mail: mrasmussen@jonesday.com
E-mail: milyle@JonesDay.com
E-mail: jguynn@jonesday.com
E-mail: cmccraw@jonesday.com
E-mail: tvillari@jonesday.com

ATTORNEYS FOR PLAINTIFFS

John Greil
Steven T. Collis
Law & Religion Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Telephone: +1.512.471.5151
E-mail: john.greil@law.utexas.edu
E-mail: steve.collis@law.utexas.edu

ATTORNEYS FOR PLAINTIFFS

Pursuant to the Court's directive, Plaintiffs-Appellants Gary Perez and Matilde Torres file this response to Defendant-Appellee City of San Antonio's Advisory/Motion, ECF 257.

Last year, this Court granted the City's motion to temporarily lift the administrative stay that exists on Bond Project construction and related activities that would displace cormorants or remove trees from the Project Area, lifting the stay only in part to "allow the rookery bird deterrent management activities to proceed for the immediate next months until migratory cormorants arrive." ECF 202-1. Granting that same temporary relief this year would allow the City to address its concerns without disrupting Plaintiffs' religious ceremonies.

Plaintiffs informed the City that they would not oppose such relief, which is in line with this Court's prior orders. The City declined, instead seeking broader relief on bird deterrence that is neither limited in time (for the immediate next months) nor in scope (limited to egrets and herons, before the migratory cormorants arrive). Plaintiffs respectfully request that this Court enter an order to the same effect as last year, preserving the status quo until the Supreme Court of Texas renders a decision on the question certified to it by this Court, and this Court resolves all outstanding issues on appeal.

## I.

In its motion, the City asserts that Plaintiffs "agree with the City that there is not currently an administrative stay in place that would prevent the City from commencing

1

its seasonal rookery management activities." ECF 257 at 1–3. That is not correct. Plaintiffs believe that an administrative stay *is* in place, and thus the City cannot undertake any bird deterrence efforts without first obtaining relief.

In October 2023, the Court entered an administrative stay that restrained the City from burdening, limiting, or prohibiting Plaintiffs' religious services in the disputed area with respect to access, holy trees, and sacred cormorants. *Perez v. City of San Antonio*, No. 23-50746 (5th Cir. Oct. 27, 2023) (per curiam), ECF 74. The Court temporarily and partially lifted that stay in February 2024 to "allow the rookery bird deterrent management activities to proceed for the immediate next months until migratory cormorants arrive." *Perez v. City of San Antonio*, No. 23-50746 (5th Cir. Feb. 21, 2024), ECF 202-1.

This Court's original panel opinion vacated that stay. *Perez v. City of San Antonio*, 98 F.4th 586, 614 (5th Cir. Apr. 11, 2024). When this Court granted Plaintiffs' petition for panel rehearing, the order certifying a question to the Supreme Court of Texas withdrew the original panel opinion—including the vacatur of the stay. *See Perez v. City of San Antonio*, 115 F.4th 422, 423 (5th Cir. Aug. 28, 2024), *certified question accepted* (Sept. 6, 2024). There is therefore no order in the docket vacating the stay.[1] As explained

---

[1] Consistent with Plaintiffs' understanding, this Court's order on panel rehearing describes the temporary administrative stay as "issued" and as "lifted … in part." *See Perez*, 115 F.4th at 427. ("We also issued a temporary administrative stay and ordered that Appellants' opposed motion for injunction pending appeal be carried with the case on October 27, 2023. On February 21, 2024, at the City's request, we lifted the temporary administrative stay in part to allow the rookery bird deterrent

2

below, Plaintiffs do not oppose a temporary partial lift of the stay mirroring the relief the Court issued last February. Plaintiffs do oppose a complete lift of the stay, as to duration and scope.

## II.

When the City presented the advisory/motion to Plaintiffs prior to its filing, Plaintiffs indicated their disagreement with both the form and substance of the request[2] and offered a reasonable alternative. Specifically, Plaintiffs objected to the City's request that it be allowed to conduct bird deterrence activities from February 1, 2025, onward, with no limitation as to time or species. Such relief would permit the City to deter not only egrets and herons—the only migratory birds of concern to the City, ROA.4617 ("[T]he goal of bird deterrence at Lambert beach is to … deter egrets and herons[.]")—but also cormorants, which are not "the target species," ROA.4461, and "do not present a health risk," ROA.4463. While cormorants are not of concern to the City, they are of paramount concern to Plaintiffs, as their nesting *in the Project Area* is necessary for Plaintiffs to perform their religious services. ROA.4120–21 (Q: "If the cormorants are not permitted to nest in the Project Area but they are nesting nearby, is that presence close enough for the spiritual … ecology that you claim is present and necessary in the Project Area?" A: "No, ma'am, it isn't.").

---

management activities to proceed for the immediate next months until migratory cormorants arrived.").

[2] The City incorrectly indicated that the motion was "Unopposed" in its filing.

Just as the Lord's Supper cannot be performed if a thief steals the bread or the fruit of the vine, Plaintiffs' ceremonies cannot be performed when the City chases the religiously necessary cormorants away from nesting in the Project Area. ROA.4119–20 ("We need to be able to stand at the very edge, look in the water and see our reflection, first of all, to make sure that we're present, that the tree's there, *that the nesting birds are there, guaranteeing the next generation*, and the sky's above and the trees. Everything needs to be present." (emphasis added)); ROA.4181 (cormorants "must continue to nest in that area"); ROA.4161 (cormorants "take[] our prayers … to the heavens").

For the reasons above, Plaintiffs oppose the City's motion, and they propose alternative relief. Seeking to avoid unnecessary motion practice, Plaintiffs suggested a reasonable alternative that would permit the City to deter egrets and herons from nesting in the Project Area without deterring cormorants and thereby preventing Plaintiffs from practicing their religion. Plaintiffs told the City that they would not oppose if the City were to "Fil[e] a motion that would allow 'rookery bird deterrent management activities to proceed for the immediate next months *until migratory cormorants arrive*"—the exact approach the Court took last year. *See* Ex. A, E-mail from John Greil to Jane Webre (January 17, 2025, at 11:45) (emphasis added) (quoting *Perez*, No. 23-50746 (5th Cir. Feb. 21, 2024), ECF 202-1).

In an apparent rejection of that offer, and without explanation as to why the City refused to limit bird deterrence to its "target" birds, the City filed its motion with no limiting proviso.

4

Plaintiffs repeated their offer to the City on Friday, January 24, after the City filed its advisory/motion:

> That offer provides the City precisely the relief it obtained from the Court last year: "rookery bird deterrent management activities to proceed for the immediate next months until migratory cormorants arrive." Do you accept that offer?

Ex. B, E-mail from John Greil to Jane Webre (January 24, 2025, at 2:41 pm). After following up with the City on January 27, the City rejected Plaintiffs' offer of compromise. Ex. B, E-mail from Jane Webre to John Greil (January 27, 2025, at 3:46 pm). Yet, the City notes the viability of Plaintiffs' proposal, but does not want to "hav[e] to go back to the Court … to address the arriving cormorants." *Id.*

Plaintiffs remain opposed to the City's motion because, if granted, it would allow the City to deter cormorants from nesting in the Project Area, which would prevent Plaintiffs from practicing their religion and would violate State and Federal law. Those violations include, among others, Article I, Section 6-a of the Texas Constitution, which prevents government action that "prohibits or limits religious services," the subject of the certified question that the Texas Supreme Court will answer in the next several months. The Court should not allow the City to undertake efforts that would deter cormorants—*i.e.* limiting Plaintiffs' religious services—while the merits of this case remain undecided. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (cleaned up).

5

This Court can provide the City the relief it needs by allowing "rookery bird deterrent management activities to proceed for the immediate next months until migratory cormorants arrive," in accordance with the relief it granted to the City last year. Limiting relief on this issue will maintain the status quo while the Supreme Court of Texas evaluates the effect of the City's bird deterrence activities on Plaintiffs' religious services. If the Court determines that the stay is not in effect, Plaintiffs urge the Court to reinstate the stay or enter an injunction pending appeal for the reasons stated in Plaintiffs' pending motion,[3] to preserve this Court's jurisdiction to resolve all outstanding issues on appeal, and in light of the pending Supreme Court of Texas decision as to whether the Texas Constitution protects Plaintiffs from the City limiting their religious ceremonies by deterring religiously necessary cormorants.

---

[3] Emergency Motion of Appellants Gary Perez and Matilde Torre for an Injunction Pending Appeal, ECF 6, *carried with the case by* ECF 74, *denied by* ECF 209, *denial vacated by* ECF 228, 231.

<table>
<tr><td>January 28, 2025</td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>/s/ John Greil</td></tr>
<tr><td>Mark W. Rasmussen<br>Margaret I. Lyle<br>Jonathan D. Guynn<br>Chance McCraw<br>Timothy M. Villari<br>JONES DAY<br>2727 N. Harwood St.<br>Dallas, Texas 75201<br>214-220-3939<br>mrasmussen@jonesday.com<br>milyle@JonesDay.com<br>jguynn@jonesday.com<br>cmccraw@jonesday.com<br>tvillari@jonesday.com<br><br>*Counsel for Plaintiffs*</td><td>John Greil<br>Steven T. Collis<br>LAW AND RELIGION CLINIC<br>UNIVERSITY OF TEXAS SCHOOL OF LAW<br>727 East Dean Keeton St.<br>Austin, Texas 78705<br>(512)-471-5151<br>john.greil@law.utexas.edu<br>Steve.collis@law.utexas.edu<br><br>*Counsel for Plaintiffs*</td></tr>
</table>

## CERTIFICATE OF SERVICE

I certify that on January 28, 2025, the foregoing motion was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, and that all parties required to be served have been served. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Chance B. McCraw*
Chance B. McCraw
*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,508 words, excluding parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond text, 12-point Garamond footnote) using Microsoft Word (the program used for the word count).

Dated: January 28, 2025

*/s/ Chance B. McCraw*
Chance B. McCraw
*Counsel for Plaintiffs*