Case No. 23-50746

In The United States Court of Appeals
for the Fifth Circuit

Gary Perez; Matilde Torres,
*Plaintiffs–Appellants/Cross-Appellees*

v.

City of San Antonio,
*Defendant–Appellee/Cross-Appellant*

# OPPOSED MOTION FOR RELIEF FROM ADMINISTRATIVE STAY AS TO ROOKERY MANAGEMENT ACTIVITIES

 Defendant-Appellee the City of San Antonio (the "City") files this motion for relief from this Court's administrative stay as to the City's rookery management activities. As it stands, the City is permitted to engage in rookery management activities "until migratory cormorants arrive." ECF No. 276-1. The birds' spring 2025 arrival is now imminent, but the precise date cannot be known in advance. It could be tomorrow. It could happen six weeks from now. Either way, as an ecological certainty, the migratory cormorants will arrive soon.

 When City personnel see migratory cormorants in the area, they will have hours to act before the birds nest and lay eggs. Absent deterrence, the City will be unable to conduct operations in Brackenridge Park until the birds depart at the first

4930-3180-6260

cold snap in the fall. Accordingly, to the extent this motion is not granted, the City will need to request emergency relief when the first migratory cormorant arrives.

To avoid needing to request such emergency relief—and to spare Plaintiffs (and the Court) from a compressed briefing schedule in that event—the City is filing this motion now. This motion rests on substantially the same grounds as the City's two previously-granted motions for relief. ECF No. 202-1; ECF No. 276-1. For that relief to be effective, however, the City must be permitted to engage in continuous rookery management activities within the Wildlife Management Area of the Park beyond the arrival date of the first migratory cormorant. If this relief is not granted, then the Court's temporary administrative stay—first entered in October 2023—will effectively give Plaintiffs the injunctive relief they sought, and did not obtain, in the district court. Denying this motion would serve as a de facto merits ruling in Plaintiffs' favor, because it would delay the City's operations in the Park for at least as long as the migratory cormorants are present.

## BACKGROUND

This suit involves the City's efforts to remediate Brackenridge Park. The City developed a plan to address numerous dangerous conditions in the Park, including a partially-collapsed retaining wall on a bank of the San Antonio River and the removal of dead or dying trees in the area (the "Project Area").

The Park is a seasonal habitat for several migratory bird species. Historically, those birds have formed a rookery so dense in the area around Lambert Beach that the resulting guano poses a public health hazard to children who play there. In 2022, the City collaborated with the Texas Parks and Wildlife Department, the USDA, and other experts to develop a rookery management program that would encourage the birds—primarily herons and egrets, but also migratory cormorants—to nest in areas of the Park that are not densely urban, away from playgrounds, hiking trails, and picnic areas, as well as the Project Area. The rookery management techniques, which include tree trimming, spotlights, and pyrotechnics, do not harm the birds; they simply seek to have the birds nest elsewhere in the large Park.

In August 2023, Plaintiffs-Appellants Gary Perez and Matilde Torres sued the City, seeking to enjoin the City's planned Park repairs and the rookery management program on the grounds that those activities interfered with Plaintiffs' free exercise of their religion, which involves worshipping near Lambert Beach.

In October 2023, the district court denied Plaintiffs' request for injunctive relief regarding the City's tree removal and rookery management activities. ECF 52. Appellants appealed. This Court issued a temporary administrative stay while it considered Appellants' appeal. ECF 60.

In February 2024, the City sought relief from the administrative stay to allow rookery management during the migratory nesting season. This Court granted the City's requested relief. ECF No. 200. In April 2024, a divided panel of this Court affirmed the District Court's ruling and vacated the administrative stay. ECF 209-1.[1] On rehearing, this Court withdrew its previous opinion and certified a question to the Texas Supreme Court regarding a question of Texas state constitutional law. ECF 231-1.[2] The Texas Supreme Court heard argument on the certified question on December 4, 2024.[3] That court has not yet issued an opinion.

In January 2025, with the bird migration season approaching, the City again sought relief from this Court as to the stay. ECF No. 257. This Court granted relief in part, "to allow the rookery bird deterrent management activities to proceed for the immediate next months until migratory cormorants arrive." ECF No. 276-2. Migratory cormorants will arrive in May 2025, if not sooner. When they do, the public health risks associated with guano will reemerge. Additionally, if the birds establish a rookery in the Lambert Beach area, the federal Migratory Bird Treaty Act will prevent the City from conducting remediation operations until after the birds

---

[1] *Perez v. City of San Antonio*, 98 F.4th 586 (5th Cir. 2024) (Higginson, J., concurring in part and dissenting in part), *opinion withdrawn and superseded on reh'g*, 115 F.4th 422 (5th Cir. 2024), *certified question accepted* (Sept. 6, 2024).
[2] *Perez v. City of San Antonio*, 115 F.4th 422 (5th Cir. 2024), *certified question accepted* (Sept. 6, 2024).
[3] Case No. 24-0714.

migrate south at the first cold snap in the fall. A delay of hours in commencing deterrence activities could cause a delay of six months or more in work on the remediation project. Meanwhile, the Texas Supreme Court could hand down its decision any minute.

The City requests relief from this Court's administrative stay to allow for rookery management activities to continue until this Court has the opportunity to review, as needed, the district court's denial of Plaintiffs' requested injunctive relief on the merits.

## ARGUMENT

The Court should grant relief for substantially the same reasons it granted relief to the City with respect to rookery management on two previous occasions. ECF No. 200; ECF No. 276-2. Those grounds have only strengthened with the passage of time. Independent of the public health issues presented by the bird guano, delaying the remediation project by another year raises sharp equity concerns as this case advances towards a merits decision (after having been adjudicated in the City's favor once before, prior to the Court granting Plaintiffs' request for panel rehearing).

4930-3180-6260

Meanwhile, the temporary administrative stay entered in October 2023 continues to stretch far beyond what should be its natural limit.[4]

**First**, if the stay prevents the City from conducting rookery management after the first migratory cormorant arrives this spring, then the Park remediation project will be delayed until those migratory cormorants depart at the first cold snap in the fall. The federal Migratory Bird Treaty Act would prohibit the City from commencing construction activities in the area. Such a delay also comes with risks. The project will remediate crumbling riverbank walls, and delaying those repairs prolongs the danger to public safety. Additional wall collapses could cause more trees to fall, compounding the safety risks and potentially causing further damage to Park infrastructure. The sooner the City can start fixing dangerous conditions in the Park, the sooner it can be safely enjoyed by all visitors, including Plaintiffs.

**Second**, without rookery management, noxious bird guano will again cover the playgrounds, picnic areas, and trails in and around the Project Area, resulting in additional closures of public access. The entire Lambert Beach area—except for Plaintiffs' Sacred Area (which will also be covered in guano)—will be closed. The

---

[4] *See United States v. Texas*, 144 S. Ct. 797, 799-800 (2024) (Barrett, J., concurring in denial of application to vacate stay) (observing that "[a]n administrative stay is supposed to be a short-lived prelude to the main event" and not "effectively become a stay pending appeal," though concluding that it would be "premature" to vacate a 17-day-old stay on that basis).

district court credited the seriousness of this public health hazard based on copious expert testimony.[5] Bird deterrence does not harm the cormorants or prevent them from nesting elsewhere in the 343-acre Park, but it does keep the Park's human visitors—particularly its young ones—safe and healthy.

**Third**, bird deterrence by other entities (not the City) in the surrounding area will likely funnel migratory birds into the Project Area if the City is unable to perform corresponding deterrence there. The Episcopal Diocese of West Texas conducts deterrence on its properties to the north of the Project Area. The San Antonio Zoo conducts deterrence immediately to the west on land adjacent to the Project Area.

## CONCLUSION AND REQUEST FOR RELIEF

The City therefore asks this Court to grant it relief from the temporary administrative stay to allow the City to conduct rookery management in and around the Project Area in Brackenridge Park even after the migrating cormorants arrive this spring.

---

[5] *Perez v. City of San Antonio*, No. SA-23-CV-977-FB, 2023 WL 6629823, at *2-3 (W.D. Tex. Oct. 11, 2023), *subsequent history omitted*.

Respectfully submitted,

_/s/ Jane Webre_____
Jane Webre
State Bar No. 21050060
jwebre@scottdoug.com
SCOTT DOUGLASS & MCCONNICO LLP
Colorado Tower
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

LANGLEY & BANACK, INC.
FRED R. JONES
State Bar No. 10886700
fjones@langleybanack.com
NATALIE F. WILSON
State Bar No. 24076779
nwilson@langleybanack.com
IAN M. MCLIN
State Bar No. 24005071
imclin@langleybanack.com
LEE WARREN
State Bar No. 24099453
lwarren@langleybanack.com
SARA MURRAY
State Bar No. 14729400
smurray@langleybanack.com
745 East Mulberry, Suite 700
San Antonio, TX  78212-3166
Telephone: (210) 736-6600
Facsimile:  210) 736-6889
CITY OF SAN ANTONIO

4930-3180-6260

> DEBORAH KLEIN
> Deputy City Attorney
> State Bar No. 11556750
> Deborah.Klein@sanantonio.gov
> International Center
> 203 S. St. Mary's Street,
> 2nd Floor
> San Antonio, TX 78205
> Telephone: (210) 207-8949
> Facsimile: (210) 207-4004
>
> **ATTORNEYS FOR DEFENDANT-APPELLEE CITY OF SAN ANTONIO**

## CERTIFICATE OF SERVICE

I certify that on April 11, 2025, I electronically filed the foregoing pleading via the CM/ECF system, which will provide notice to counsel of record:

| | |
|---|---|
| Mark W. Rasmussen<br>mrasmussen@jonesday.com<br>Margaret I. Lyle<br>milyle@jonesday.com<br>Chance McCraw<br>cmccraw@jonesday.com<br>Timothy M. Villari<br>tvillari@jonesday.com<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, TX 75201 | John Greil<br>john.greil@law.utexas.edu<br>Steven T. Collis<br>steve.collis@law.utexas.edu<br>LAW AND RELIGION CLINIC<br>UNIVERSITY OF TEXAS SCHOOL OF LAW<br>727 East Dean Keaton Street<br>Austin, TX 78705 |

_____
Jane Webre

4930-3180-6260

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type-Style Requirements

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,454 words, excluding exempt parts. It complies with the typeface and type style requirements of Rule 27(d)(1)(E) because it was prepared in a proportionally spaced typeface (14-point Century Schoolbook). I understand that a material misrepresentation in this certificate of compliance may result in striking the pleading and in sanctions against the person signing the pleading.

April 11, 2025                                                  Jane Webre

## CERTIFICATE OF CONFERENCE

Counsel for the City contacted counsel for Plaintiffs regarding the relief requested in this motion. Counsel for Plaintiffs indicated that Plaintiffs intend to file a response in opposition to this motion.

April 11, 2025                                                  Jane Webre