CASE NO. 23-50746

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

GARY PEREZ; MATILDE TORRES,
*Plaintiffs–Appellants*

v.

CITY OF SAN ANTONIO,
*Defendant–Appellee*

_____

**EMERGENCY MOTION FOR RECONSIDERATION AND TO CONSIDER ADMINISTRATIVE STAY AS INJUNCTION PENDING APPEAL**

_____

Last Friday, this Court denied Defendant-Appellee the City of San Antonio's motion to modify the temporary administrative stay to allow the City to continue rookery management activities. ECF No.298-2. The temporary administrative stay has been in place for more than eighteen months. ECF No.6. It has thus operated as a *de facto* injunction pending appeal but without requiring Plaintiffs to satisfy the applicable standards for such relief. The City therefore files this motion for reconsideration of the denial of its motion to modify and asks the Court to consider the continued stay under the requirements for an injunction pending appeal.

Plaintiffs oppose this motion.

4933-6368-6716

GROUNDS FOR EMERGENCY

This is an emergency motion because Plaintiffs' counsel informed counsel for the City that Plaintiff Gary Perez observed cormorants in the Project Area on Tuesday, April 29. The City has not independently observed migratory cormorants in the Project Area. In reliance on Plaintiffs' representation, the City ceased rookery management activities within the Project Area. The issue of whether the City can continue those activities must be resolved on an immediate basis, before cormorants establish nests and lay eggs in the Project Area. That could happen within 24-48 hours from the cessation of deterrent efforts. Indeed, in a different park in San Antonio, migratory birds recently nested and laid eggs within 22 hours of cessation. For those reasons, the City respectfully requests that the Court (1) request that Plaintiffs file a response to this motion by noon on Thursday, May 1, and (2) issue a ruling on the merits of this motion by noon on Friday, May 2.

PROCEDURAL HISTORY

This is an interlocutory appeal from an order denying Plaintiffs' request for a preliminary injunction. After a four-day evidentiary hearing, the district court on October 11, 2023, denied Plaintiffs' request to enjoin the City's rookery management activities in Brackenridge Park. ROA.984. Plaintiffs appealed the order to this Court and sought an injunction pending appeal from the district court to enjoin

the rookery management activities pending appeal. On October 25, 2023, the district court denied the request for an injunction pending appeal. ROA.1155.

Plaintiffs sought an injunction pending appeal from this Court. ROA.1052. On October 27, 2023, a motions panel of this Court ordered that Plaintiffs' request for an injunction pending appeal be carried with the case, granted Plaintiffs' motion to expedite the appeal, and further ordered that "a temporary administrative stay is issued until further orders of the court." ECF No.74. This temporary administrative stay, entered in October 2023, remains operative.

The Court heard argument on the merits of the appeal on an expedited basis in December 2023. While the case was under submission, in February 2024, the City sought to commence rookery management activities at the start of the bird migration season. The Court lifted the administrative stay in part to allow the City to undertake its seasonal rookery management activities.  ECF No.202-1.

On April 11, 2024, this Court issued its original opinion on the merits affirming the district court's order. ECF No.209-1. The original opinion vacated the temporary administrative stay and denied Plaintiffs' motion for an injunction pending appeal. *Id*. p.43. At that point, there was no stay in place at all. On rehearing, the panel on August 28, 2024, withdrew its original opinion and certified a question to the Supreme Court of Texas. ECF No.231-1. The Supreme Court of Texas heard

argument on the certified question in December 2024 and has the case under submission. An opinion is expected before the end of the Court's term in late June.

In January 2025, as the spring migration season neared, the City again sought relief from the temporary administrative stay to commence seasonal rookery management activities. ECF No.257. The Court granted the City's motion and lifted the stay "to allow the rookery bird deterrent management activities to proceed for the immediate next months *until migratory cormorants arrive.*" ECF No.276-2 (emphasis added).

The City's rookery management activities are timed with known migration patterns because different species of birds migrate at different times. Certain herons and egrets arrive first; they are seen "as early as February." Tr.549:1-23. The cormorants arrive each year in April or May, "or oftentimes later." *Id.* In early April, the migratory cormorants' spring 2025 arrival was imminent, but the precise date could not be known. Because the January 2025 order lifted the stay only "until migratory cormorants arrive," the City filed another motion to lift the temporary administrative stay to allow it to continue the rookery management activities even once the migratory cormorants arrived. ECF No.282. By order entered April 25, 2025, the Court denied the City's motion to lift stay. ECF No.298-2. The per curiam order offered no detail or explanation for the ruling. *Id*.

Because the rookery management activities are necessary to protect health and safety in the Park, and because allowing migratory cormorants to nest in the Project Area will effectively enjoin the City from any construction activities until late fall when the migratory birds leave, the City files this motion for reconsideration.

## ARGUMENT

A.   The Court should analyze any continued stay under the standards for an injunction on appeal.

This Court considers four factors in ruling on a motion for an injunction pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Tex.*, 97 F.4th 268, 274 (5th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

The four *Nken* factors are meaningful, and there is good reason to require an applicant to satisfy them in order to merit an injunction pending appeal. After all, the same party must satisfy the same considerations when seeking injunctive relief in the district court: "To be entitled to a preliminary injunction, the applicants must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to

enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo, Tex. v. Tex.*, 890 F.3d 164, 176 (5th Cir. 2018). The fact that the elements are the same for an injunction pending appeal reflects the reality that an injunction is an injunction, whether issued in the district court or an appellate court, and the same standards and safeguards apply to both.

Here, the temporary administrative stay improperly shortcuts those standards. It was issued at the very start of this expedited appeal. Understandably, the Court would not have had an opportunity to consider the merits in that short time frame. But eighteen months have now passed, during which time the parties filed briefs on the merits, and the Court heard argument, issued an opinion affirming the district court's denial of a preliminary injunction, then withdrew the opinion to certify a state-law question to the Texas Supreme Court. The continuation of the temporary administrative stay through all of that time and activity has acted as a *de facto* injunction pending appeal, but without considering the mandatory four *Nken* factors.

Last year, when reviewing a temporary administrative stay issued by this Court, justices of the Supreme Court cautioned that, though such stays are useful tools to address emergency circumstances, they cannot remain in place for such a long time "that an administrative stay has effectively become a stay pending appeal":

> The real problem—and the one lurking in this case—is the risk that a court will avoid *Nken* for too long. An administrative stay should last no longer than necessary to make an intelligent decision on the motion

for a stay pending appeal. Once the court is equipped to rule, its obligation to apply the *Nken* factors is triggered. . . .

*United States v. Texas*, 144 S. Ct. 797, 799-800 (2024) (Barrett, J., concurring in denial of application to vacate stay). Justice Barrett explained that an "administrative stay is supposed to be a short-lived prelude to the main event," and criticized the practice of "allow[ing] administrative stays to linger for so long that they function like stays pending appeal." *Id*.

The Supreme Court in that case declined to vacate, "at this juncture in the appeal," the temporary administrative stay, which had been in place for just seventeen days. *Id*. at 800. But Justice Barrett suggested that this Court "should apply the *Nken* factors and decide the motion for a stay pending appeal. It can presumably do so promptly." *Id*. One week later, this Court issued an opinion that analyzed the *Nken* factors and denied an injunction pending appeal because the State had not shown a likelihood of success on the merits. *United States v. Tex.*, 97 F.4th at 274. In other words, once the issue was analyzed under the applicable four-factor test, it came out the other way: the Court vacated the temporary administrative stay and denied an injunction pending appeal.

This case falls squarely into the category of a temporary administrative stay that has lingered for so long that it functions like a stay pending appeal. 144 S.Ct. at 800. Because "the court is equipped to rule, its obligation to apply the *Nken* factors is triggered." *Id*. The City respectfully asks the Court to reconsider its recent order

denying the motion to partially lift the temporary administrative stay to allow rookery management activities to continue, but to consider the issue under the *Nken* factors applicable to a motion for injunction pending appeal.

B.    Considering the *Nken* factors, an injunction pending appeal is not warranted.

Plaintiffs bear the burden to satisfy each of the *Nken* factors. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). This Court has emphasized that such relief "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Tex. v. United States*, 787 F.3d 733, 747 (5th Cir. 2015). If the Court analyzes the stay issue pursuant to the four factors, it is plain that an injunction pending appeal is not proper here.

The first factor is likelihood of success on the merits. *United States v. Tex.*, 97 F.4th at 274. When evaluating the first factor, the applicant must make a "strong showing." *Id*. Plaintiffs cannot make such a showing. After all, this Court in its original panel opinion already analyzed the merits and affirmed the district court's order denying a preliminary injunction. Regarding the pending issue certified to the Texas Supreme Court, this Court plainly found the issue uncertain or it would not have certified the question. That uncertainty alone dooms Plaintiffs' efforts to make a "strong showing" because "the first stay factor requires more than showing a close call." *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021) (denying injunction pending appeal).

The second factor asks whether Plaintiffs will be irrevocably injured absent a stay. They will not. Even during deterrent activities that prevent migratory birds from *nesting* within the management area, birds still regularly visit the Lambert Beach area: "They come in and hang out, you see them in the morning, they come in through the day. They'll come in the trees and then they'll go down in the water and then they'll fly back to their nesting area. So it's foraging and then they'll go back and switch out with their mate." ROA.4501. Cormorants visit Plaintiffs' Sacred Area even if they do not nest there. The City's rookery management activities will thus not control whether a cormorant is present in the Sacred Area at a time Plaintiffs are worshipping there. Indeed, this Court recognized that "whether birds decide to migrate and nest in the Park based on natural occurrences or designed measures *is a thing of chance*." ECF No.209-1 p.40 n.37 (emphasis added).

The third factor asks whether issuing the stay will substantially injure other parties interested in the proceeding. It will. Stopping bird deterrence activities now, even for a short time, translates to almost a year's delay in commencing construction on the Park Project even if Plaintiffs' challenges to the Project are resolved earlier. The Migratory Bird Treaty Act forbids construction interference with actively nesting migratory birds. If migratory cormorants establish nests and lay eggs in the Project Area, the City cannot commence any construction activities in the area until after the migratory birds leave after the first cold snap in October. Given the

crumbling riverbank walls involved in the Project, delaying their repair likewise adversely impacts public safety. Additional failures of river walls in turn could cause large trees to fail, which presents a risk to park visitors and park infrastructure. All of this undermines the goal of completing the Project expeditiously so that all Park visitors, including Plaintiffs, can safely enjoy the Park.

The fourth factor considers the public interest, which also lies in denying an injunction and continuing the rookery management activities to keep the Park accessible for all. Absent the rookery management activities, areas of the Park will again be covered in noxious bird guano, and many of the Park playgrounds, picnic areas, and trails will be unsuitable for use by humans, resulting in additional closure of access. The adverse impact of the bird guano is discussed at pages 9-16 of the City's Brief of Appellee, including photographs from the injunction hearing that show the severity of the problem.

None of the four *Nken* factors favors granting an injunction pending appeal. All favor denying such an injunction. The Court should grant this motion for reconsideration, vacate the temporary administrative stay, and deny Plaintiffs' motion for injunction pending appeal.

C.    <u>If the Court grants an injunction pending appeal, it should require a bond.</u>

Federal Rule of Appellate Procedural 8(a)(2)(E) provides that this Court "may condition relief on a party's filing a bond or other security in the district court." If

the Court grants an injunction pending appeal (and it should not), then it should order Plaintiffs to post appropriate security in the form of a bond to protect the City from damages caused by delay of the Park Project that any stay would entail. If the Court determines that it intends to grant an injunction pending appeal, the City suggests that the amount of any appropriate bond be determined by subsequent submission of evidence of such damages.

WHEREFORE, the City prays that the Court grant this motion for reconsideration, vacate the temporary administrative stay, deny Plaintiffs' motion for an injunction pending appeal, and allow it to proceed with rookery management activities on an expedited basis.

Respectfully submitted,

_____
Jane Webre
State Bar No. 21050060
jwebre@scottdoug.com
SCOTT DOUGLASS & MCCONNICO LLP
Colorado Tower
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

LANGLEY & BANACK, INC.
FRED R. JONES
State Bar No. 10886700
fjones@langleybanack.com
NATALIE F. WILSON
State Bar No. 24076779
nwilson@langleybanack.com
IAN M. MCLIN
State Bar No. 24005071
imclin@langleybanack.com
LEE WARREN
State Bar No. 24099453
lwarren@langleybanack.com
SARA MURRAY
State Bar No. 14729400
smurray@langleybanack.com
745 East Mulberry, Suite 700
San Antonio, TX 78212-3166
Telephone: (210) 736-6600
Facsimile: 210) 736-6889
CITY OF SAN ANTONIO

DEBORAH KLEIN
Deputy City Attorney
State Bar No. 11556750
Deborah.Klein@sanantonio.gov
International Center
203 S. St. Mary's Street,
2nd Floor
San Antonio, TX 78205
Telephone: (210) 207-8949
Facsimile: (210) 207-4004

**ATTORNEYS FOR DEFENDANT-
APPELLEE CITY OF SAN ANTONIO**

CERTIFICATE OF SERVICE

I certify that on April 30, 2025, I electronically filed the foregoing pleading via the CM/ECF system, which will provide notice to counsel of record:

| | |
|---|---|
| Mark W. Rasmussen<br>mrasmussen@jonesday.com<br>Margaret I. Lyle<br>milyle@jonesday.com<br>Chance McCraw<br>cmccraw@jonesday.com<br>Timothy M. Villari<br>tvillari@jonesday.com<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, TX  75201 | John Greil<br>john.greil@law.utexas.edu<br>Steven T. Collis<br>steve.collis@law.utexas.edu<br>LAW AND RELIGION CLINIC<br>UNIVERSITY OF TEXAS SCHOOL OF LAW<br>727 East Dean Keaton Street<br>Austin, TX  78705 |

_____
Jane Webre

CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type-Style Requirements

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2449 words, excluding exempt parts. It complies with the typeface and type style requirements of Rule 27(d)(1)(E) because it was prepared in a proportionally spaced typeface (14-point Century Schoolbook). I understand that a material misrepresentation in this certificate of compliance may result in striking the pleading and in sanctions against the person signing the pleading.

_____
April 30, 2025                                    Jane Webre

## CERTIFICATE OF CONFERENCE

Counsel for the City contacted counsel for Plaintiffs regarding the relief requested in this motion. Counsel for Plaintiffs indicated that Plaintiffs oppose this motion.

April 30, 2025

_____
Jane Webre