No. 23-50746

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

GARY PEREZ AND MATILDE TORRES,

*Plaintiffs-Appellants,*

v.

CITY OF SAN ANTONIO,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Texas (Biery, J.)

**RESPONSE TO APPELLEE'S OPPOSED EMERGENCY MOTION FOR RECONSIDERATION AND TO CONSIDER ADMINISTRATIVE STAY AS INJUNCTION PENDING APPEAL**

Mark W. Rasmussen
Margaret I. Lyle
Chance McCraw
Timothy M. Villari
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
E-mail: mrasmussen@jonesday.com
E-mail: milyle@JonesDay.com
E-mail: cmccraw@jonesday.com
E-mail: tvillari@jonesday.com

ATTORNEYS FOR PLAINTIFFS

John Greil
Steven T. Collis
Law & Religion Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Telephone: +1.512.471.5151
E-mail: john.greil@law.utexas.edu
E-mail: steven.collis@law.utexas.edu

ATTORNEYS FOR PLAINTIFFS

## INTRODUCTION

The City's emergency motion does not even attempt to demonstrate a reason for reconsideration: it raises no new issue of law or newly developed evidence that was not available to this Court when it denied the City's motion on April 25, 2025. ECF 298. Instead, it rehashes the same arguments this Court already considered, then asks for new relief the City did not even request the first time. And, with nothing new to offer, the City now burdens this Court with an emergency motion, after saying that the City's previous motion, filed April 11, 2025, would avoid such an emergency filing and "spare Plaintiffs (and the Court) from a compressed briefing schedule." ECF 282 at 2.

The current stay—which was tailored to allow the City to deter the problem egrets and herons for months, while allowing the religiously necessary cormorants to nest—preserves the status quo until the Texas Supreme Court issues an opinion on the question this Court certified and until this Court rules on the remaining issues on appeal. The Texas Supreme Court's decision is expected by the end of June. With no additional law or facts presented, the City's emergency motion to reconsider should be denied.

*First,* the City has not met its burden for reconsideration and seeks different relief than it requested in its April 11, 2025 Opposed Motion for Relief from Administrative Stay as to Rookery Management Activities. ECF 282. Now the City seeks a complete lift of the administrative stay, without identifying a single error of fact or law to warrant a different outcome.

*Second,* the stay preserves the status quo while the Supreme Court of Texas answers a potentially dispositive question that this Court certified. The current stay thus preserves the status quo until this Court is "equipped to rule." 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring in denial of application).

*Third,* a stay here would be warranted under the *Nken* factors. In addition to the reasons already set forth in Plaintiffs' motion for injunction pending appeal, this Court's decision to certify, the significant briefing by parties and *amici* before the Texas Supreme Court, and that Court's engaged oral argument demonstrate that Plaintiffs have a substantial likelihood of success. Plaintiffs' religious exercise—which requires cormorants to *nest in the Project Area*—will be irreparably harmed by the City's deterrence. And relief protecting constitutional rights is always in the public interest.

*Fourth*, this Court should not condition the exercise of First Amendment rights on the ability to post a bond. Courts routinely waive bonds for public-interest litigation due to the chilling effects on plaintiffs, and the City disclaimed any request for a bond at the district court because a bond would "be excessive and not something that the Court would be willing to impose." ROA.4874. The City should not be allowed to revive this argument on appeal.

This Court should deny the City's Motion.

# ARGUMENT

I. **The City Fails to Demonstrate That Reconsideration Is Warranted, Nor Does the City Justify Its Request for Newly-Expanded Relief.**

   A. **The Instant Motion Improperly Seeks, on Reconsideration, Relief Not Sought in the City's Original Motion.**

The City seeks "reconsideration" of an issue it only hinted at in a mere footnote in its original motion—the duration of the administrative stay. ECF 282 at 6 n.4. But the City fails to demonstrate that this Court's opinion rested on an error of fact or law warranting reconsideration, much less justifying this new relief.

Motions for reconsideration are disfavored because of the potential to "needlessly tie up judicial resources." *See generally U.S. v. Gupta*, 363 F.3d 1169, 1174 (11th Cir. 2004) (disapproving unlimited reconsideration of fully decided district court motions); *Anderson v. Martco L.L.C.*, 852 F. App'x 858, 859 (5th Cir. 2021) ("[A] motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." (internal quotations omitted)). Here, the motion the City wants this Court to reconsider sought to deter arriving migratory cormorants. *See* ECF 282 ("*Opposed Motion for Relief from Administrative Stay as to Rookery Management Activities*"). The parties extensively briefed the issue. The Court considered the arguments, and then denied the City's motion.

Now in its motion for "reconsideration," the City seeks *different* relief that it never requested the first time around—whether to extinguish the administrative stay

altogether—while the parties await a ruling from the Texas Supreme Court on the question this Court certified to it. The original motion asked for "relief from the temporary administrative stay to allow the city to conduct rookery management in and around the Project Area in Brackenridge Park even after the migrating cormorants arrive this spring." ECF 282 at 7. The prayer for relief in the new Motion for "reconsideration" now asks "that the Court grant this motion for reconsideration, vacate the temporary administrative stay, deny Plaintiffs' motion for an injunction pending appeal, and allow it to proceed with rookery management activities on an expedited basis." ECF 299 at 11. This new motion for "reconsideration" seeks dramatically different relief than the original motion, and the Court should deny the Motion for that reason.

### B. The City Fails to Demonstrate an Error of Fact or Law Warranting Reconsideration.

The Motion should also be denied because it does not demonstrate an error of fact or law in this Court's denial of the City's original motion to modify the temporary administrative stay as it relates only to bird deterrence. Instead, the City rehashes arguments already briefed in the City's previous motion, which this Court denied just last week. Such reargument wastes the Court's resources and is disfavored. *Cf.* Fed. R. App. P. 40(b) (panel rehearing requires petitioner to "state with particularity each point of law or fact that … the court has overlooked or misapprehended"); 5TH Cir. R. 40.1.2 ("A petition for rehearing is intended to bring to the attention of the panel claimed

errors of fact or law in the opinion. It is <u>not</u> used for reargument of the issue previously presented.").

The current motion does not identify specific errors of fact or law with respect to deterrence of migratory cormorants. The City's minimal briefing on cormorant nesting merely revisits familiar territory. The City fails to rebut the testimony of its own employees that *cormorants* are present in numbers too small to pose a health concern—as Plaintiffs showed in their original responsive briefing. ECF 289-1 at 1, 2, 4, 8-10. The City has not provided any new information or claimed "error of fact" that would justify the Court's upending its previous Order made less than a week ago.

The City does go out of its way to misrepresent Plaintiffs' religious beliefs, however. The City states, "Even during deterrent activities that prevent migratory birds from *nesting* within the management area, birds still regularly visit the Lambert Beach area … Cormorants visit Plaintiffs' Sacred Area even if they do not nest there." ECF 299, at 9. Plaintiffs have repeatedly corrected the City's inaccurate assertion that cormorants visiting, but not nesting, could satisfy Plaintiffs' religious practice. The record is clear that Plaintiffs need cormorants to be able to *nest* in the Project Area. ECF 289-1 at 6; *see also, e.g.*, ROA.4119–21; ROA.4147; ROA.4160–61; ROA.4173; ROA.4181. The City's repeated efforts to inaccurately narrow Plaintiffs' religious practice do not justify the Court's reconsideration of its prior Order.

The City fails to identify any specific error of fact or law as it relates to the original motion. That is sufficient to deny the Motion.

5

## II.  The Court Should Maintain the Status Quo Until It Is Ready to Address the Appeal.

This Court has maintained the administrative stay to protect the status quo until it can render a decision on the merits. Courts issue administrative stays to "[m]inimiz[e] the harm" to the parties until the court is "equipped to rule" on a pending issue. *United States v. Texas*, 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring in denial).

The City argues that a temporary administrative stay should not be in place. Yet the City provides no case law pertinent to the procedural posture of *this* case, involving a certified question to a state supreme court. This Court cannot move forward with deciding the underlying appeal until that certified question is answered.

The certification decision itself depended on "the closeness of the question," "considerations of comity," and "practical limitations" including delay. *ACS Primary Care Physicians Sw., P.A. v. UnitedHealthcare Ins. Co.*, 26 F.4th 716, 719 (5th Cir. 2022) (cleaned up). Those are very different considerations from Justice Barrett's concerns, which center on courts of appeals moving with appropriate dispatch when an issue is fully briefed. *See United States v. Texas*, 144 S. Ct. at 800 (Barrett, J., concurring).

When the Supreme Court of Texas answers the certified question, this Court can issue an opinion addressing all aspects of Plaintiffs' appeal. That decision may also vary in other aspects, as this Court withdrew the panel opinion in its entirety (not just with respect to the Texas Constitution Section 6-a claim). ECF 231-1. Thus, there is good reason to maintain the administrative stay and keep the status quo until this Court is

able to rule on the underlying appeal. *Cf. Diaz-Carrasquillo v. Garcia-Padilla*, No. 13-2277 (1st Cir. Nov. 12, 2013) (unpublished) (maintaining status quo "[i]n light of our expedited briefing schedule and the Supreme Court of Puerto Rico's expedited consideration") (attached as Exhibit A).

### III. Even If the *Nken* Factors Applied at this Juncture, Plaintiffs Have Met Their Burden.

The City incorrectly attempts to shift the burden to Plaintiffs when it is the *City* seeking relief from the Court's stay, and thus the City's burden to show why such relief is appropriate. In any event, Plaintiffs briefed these *Nken* factors in detail in their Motion for Injunction Pending Appeal, ECF 6 at 12–20 (carried with the case), and the City's new briefing adds nothing to that discussion.

Plaintiffs will only highlight a few points from this current round of briefing that have developed since that Motion for Injunction Pending Appeal.

First, the panel's decision to certify indicates "the closeness of the question" on the likelihood of success on the merits of Plaintiffs' Texas Constitution "Religious Services Amendment" claim. *ACS Primary Care*, 26 F.4th at 719 (cleaned up).

Second, the City's shifting zone of bird deterrence undermines a supposed compelling interest in public health. ECF 289-1 at 10–14. So too does the fact that the City successfully deterred egrets and herons—the problem birds—from January through April. ECF 289-1 at 9–10.

7

Third, the City acknowledges that the Supreme Court of Texas will issue its opinion "before the end of the Court's term in late June." ECF 299 at 4. Yet the City admits its worst case scenario involves starting construction "after the migratory birds leave after the first cold snap in October." ECF 299 at 9. A four-month delay in an eight-year-old construction project that has not even broken ground yet is simply not an interest of the "highest order." *See* ECF 289-1 at 7–8.

That said, this issue has already been extensively briefed, and the City's new motion for "reconsideration" does not add any new facts or law to the discussion.

## IV. Bond Is Inappropriate Because the City Disclaimed It Below.

The City asks this Court to condition Plaintiffs' religious free exercise rights on their ability to pay some undetermined bond. This is not appropriate for a motion for reconsideration where the Court has not previously considered this requested relief.

The City expressly waived any request for bond with the district court. ROA.4874 ("The way construction costs are rising, I'm sure the monetary value of any bond would probably be excessive and not something that the Court would be willing to impose."). It now attempts to have this Court impose a bond, without having provided any evidence of the proper amount or the propriety of imposing a bond.

That is particularly concerning given the chill that imposing a bond would have on Plaintiffs due to their modest financial means. The imposition of a bond is not meant to be a tool of government to deter citizens from vindicating their constitutional rights. *See, e.g., City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir.

8

1981) (recognizing exception to security requirement for cases in the public interest); *see also Tandon v. Newsom*, 141 S. Ct. 1294 (2021) (granting injunction pending appeal without bond to Plaintiffs pursuing Free Exercise claim).

## CONCLUSION

The City asks this Court to reconsider relief that this Court was not asked to consider before, and it offers no basis for this Court to overturn its prior Order. The City identifies no error of fact or law. Its Motion should be denied.

May 1, 2025

Respectfully submitted,

/s/ *John Greil*

| | |
|---|---|
| Mark W. Rasmussen | John Greil |
| Margaret I. Lyle | Steven T. Collis |
| Chance McCraw | LAW AND RELIGION CLINIC |
| Timothy M. Villari | UNIVERSITY OF TEXAS SCHOOL OF LAW |
| JONES DAY | 727 East Dean Keeton St. |
| 2727 N. Harwood St. | Austin, Texas 78705 |
| Dallas, Texas 75201 | (512)-471-5151 |
| 214-220-3939 | john.greil@law.utexas.edu |
| mrasmussen@jonesday.com | Steven.collis@law.utexas.edu |
| milyle@jonesday.com | |
| cmccraw@jonesday.com | |
| tvillari@jonesday.com | *Counsel for Plaintiffs* |

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2025, the foregoing motion was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, and that all parties required to be served have been served. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Chance B. McCraw*
Chance B. McCraw
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,133 words, excluding parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond text, 12-point Garamond footnote) using Microsoft Word (the program used for the word count).

Dated: May 1, 2025

/s/ Chance B. McCraw
Chance B. McCraw
*Counsel for Plaintiffs*