CASE NO. 23-50746
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

GARY PEREZ; MATILDE TORRES,
*Plaintiffs–Appellants*

v.

CITY OF SAN ANTONIO,
*Defendant–Appellee*
_____

**REPLY ON EMERGENCY MOTION FOR RECONSIDERATION**
_____

Defendant-Appellee the City of San Antonio asked the Court to address whether to continue to stay the City's rookery management activities under the requirements for an injunction pending appeal because an 18-month-old temporary administrative stay is no longer an appropriate vehicle. ECF No.299 (the "Motion"). Plaintiffs filed a response to the Motion (ECF No.306-1), but the response confirms that any stay must be analyzed under the requirements for an injunction pending appeal, because that is what the temporary administrative stay has become.

ARGUMENT IN REPLY

A.   The standards for an injunction on appeal should apply.

The City asks the Court to address any continued stay of its rookery management activities using the four-factor *Nken* test because the temporary

administrative stay "has effectively become a stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 799-800 (2024) (Barrett, J., concurring) (explaining that courts must not "allow[] administrative stays to linger for so long that they function like stays pending appeal").

Plaintiffs' response confirms that they consider the temporary administrative stay to *be* an injunction pending appeal. They argue, again and again, that the temporary administrative stay should remain in place until this appeal is over: "The current stay…preserves the status quo *until the Texas Supreme Court issues an opinion on the question this Court certified and until this Court rules on the remaining issues on appeal*." Response p.1; *see also id*. p.2 ("the stay preserves the status quo *while the Supreme Court of Texas answers a potentially dispositive question that this Court certified*"); p.6 ("This Court has maintained the administrative stay to protect the status quo *until it can render a decision on the merits*."); pp.6-7 ("Thus, there is good reason to maintain the administrative stay and keep the status quo *until this Court is able to rule on the underlying appeal*.") (emphasis added).

What Plaintiffs describe, through those repeated urgings, is an injunction pending appeal—a stay that remains in place through the length of an appeal. But that is not the job of temporary administrative stay. If a stay is going to be in place

2

for the entire length of an appeal—as Plaintiffs urge—then it should be required to satisfy the standards for an injunction pending appeal.

Plaintiffs argue that Justice Barrett's concurrence supports continuation of the temporary administrative stay until the Court is "equipped to rule" on the merits. Response p.6 (quoting *United States v. Texas*, 144 S. Ct. at 799). But the "merits" ruling that Justice Barrett referred to in her opinion was not the ultimate resolution of the appeal but rather the merits of a motion for injunction pending appeal. 144 S.Ct. at 800. Because "the court is equipped to rule, its obligation to apply the *Nken* factors is triggered." *Id*.

Plaintiffs argue that deciding this issue is improper through the vehicle of a motion for reconsideration because the City has failed to identify any error of fact or law in the Court's ruling on its motion to lift the temporary administrative stay. Response p.4. But because the order denying the City's motion to lift the temporary administrative stay includes no analysis of fact or law—it simply says that the motion is denied—the City cannot know the basis for the Court's decision. This is all the more reason to analyze the stay issue through the four *Nken* factors, so the parties can know the basis of any decision on this significant issue.

B.     The status quo entails the City conducting its rookery management activities.

Plaintiffs characterize the temporary administrative stay as maintaining the status quo. Response pp.1, 2, 6. In fact, the status quo entails the City conducting

3

seasonal rookery management activities in Brackenridge Park, long before Plaintiffs filed this suit. The City entered into a field agreement with the U.S. Department of Agriculture in late 2021 and has conducted those activities seasonally each year since then. ROA.2442.

Plaintiffs filed this suit in August 2023. The district court denied Plaintiffs' petition for a preliminary injunction to prevent the rookery management activities. In February 2024, as the spring migration period neared, this Court lifted the temporary administrative stay and allowed the City to conduct its regular seasonal activities. ECF No.202-1. On April 11, 2024, this Court issued its original opinion on the merits affirming the district court's order. ECF No.209-1. The original opinion vacated the temporary administrative stay and denied Plaintiffs' motion for an injunction pending appeal. *Id*. p.43. At that point, there was no stay in place, and the City continued its rookery management activities.

The same thing happened in January 2025. As the spring migration season neared, the City sought—and this Court granted—relief from the temporary administrative stay to allow the City to commence its regular seasonal activities, just as it had done each spring for years. This week—after the Court denied the City's recent motion to continue those activities even after migratory cormorants arrive in the Park, and Plaintiffs reported seeing cormorants in the Park—marks the first time that the City has been actually stopped from conducting those activities.

It is thus false to say that staying rookery management activities is the status quo. To the contrary, the City conducting such activities seasonally is the status quo.

C. <u>An injunction pending appeal is not warranted.</u>

When the issue is analyzed according to the *Nken* factors, the Court should deny an injunction pending appeal.

Plaintiffs argue that "the closeness of the question" involving the certified question indicates that they satisfy the first *Nken* factor: a likelihood of success on the merits. Response p.7. But the closeness of the question dooms the issue because, as the Motion explains, "the first stay factor requires more than showing a close call." *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021). The Response does not address this case.

Regarding the public health interest, the fact that the City has successfully deterred herons and egrets until now does not resolve the significant public interest in keeping the Park free of bird excrement. With bird deterrence activities stopped, herons and egrets can move in and nest in the management area, and the problem will continue.

WHEREFORE, the City prays that the Court grant this motion for reconsideration, vacate the temporary administrative stay, deny Plaintiffs' motion for an injunction pending appeal, and allow it to proceed with rookery management activities on an expedited basis.

Respectfully submitted,

_____
Jane Webre
State Bar No. 21050060
jwebre@scottdoug.com
SCOTT DOUGLASS & MCCONNICO LLP
Colorado Tower
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

LANGLEY & BANACK, INC.
FRED R. JONES
State Bar No. 10886700
fjones@langleybanack.com
NATALIE F. WILSON
State Bar No. 24076779
nwilson@langleybanack.com
IAN M. MCLIN
State Bar No. 24005071
imclin@langleybanack.com
LEE WARREN
State Bar No. 24099453
lwarren@langleybanack.com
SARA MURRAY
State Bar No. 14729400
smurray@langleybanack.com
745 East Mulberry, Suite 700
San Antonio, TX 78212-3166
Telephone: (210) 736-6600
Facsimile: 210) 736-6889
CITY OF SAN ANTONIO

DEBORAH KLEIN
Deputy City Attorney
State Bar No. 11556750
Deborah.Klein@sanantonio.gov
International Center
203 S. St. Mary's Street,
2nd Floor
San Antonio, TX  78205
Telephone: (210) 207-8949
Facsimile: (210) 207-4004

**ATTORNEYS FOR DEFENDANT-APPELLEE CITY OF SAN ANTONIO**

CERTIFICATE OF SERVICE

 I certify that on May 1, 2025, I electronically filed the foregoing pleading via the CM/ECF system, which will provide notice to counsel of record:

| | |
|---|---|
| Mark W. Rasmussen<br>mrasmussen@jonesday.com<br>Margaret I. Lyle<br>milyle@jonesday.com<br>Chance McCraw<br>cmccraw@jonesday.com<br>Timothy M. Villari<br>tvillari@jonesday.com<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, TX  75201 | John Greil<br>john.greil@law.utexas.edu<br>Steven T. Collis<br>steve.collis@law.utexas.edu<br>LAW AND RELIGION CLINIC<br>UNIVERSITY OF TEXAS SCHOOL OF LAW<br>727 East Dean Keaton Street<br>Austin, TX  78705 |

_____
Jane Webre

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type-Style Requirements

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1062 words, excluding exempt parts. It complies with the typeface and type style requirements of Rule 27(d)(1)(E) because it was prepared in a proportionally spaced typeface (14-point Century Schoolbook). I understand that a material misrepresentation in this certificate of compliance may result in striking the pleading and in sanctions against the person signing the pleading.

May 1, 2025                                              Jane Webre