CASE NO. 23-50746
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

GARY PEREZ; MATILDE TORRES,
*Plaintiffs–Appellants*

v.

CITY OF SAN ANTONIO,
*Defendant–Appellee*
_____

**MOTION TO LIFT TEMPORARY ADMINISTRATIVE STAY**
_____

On Friday, June 13, the Supreme Court of Texas issued its opinion answering this Court's certified question. Appellee the City of San Antonio has filed a Rule 28(j) letter discussing that the opinion forecloses Plaintiffs' claims under the Texas Constitutional amendment that was the subject of the certified question. Given the Opinion on the certified question, the Court should again affirm the district court's judgment denying a preliminary injunction. In addition to that relief on the merits, the City also urges the Court to vacate the temporary administrative stay to allow the City to resume bird deterrence activities and address riverbank repairs and tree removal issues in the wake of recent flooding in San Antonio.

As explained in the Certificate of Conference, Plaintiffs have not informed the City whether they oppose this motion.

4923-8331-4255

## ARGUMENT

Though the district court denied injunctive relief, and this Court declined to grant an injunction pending appeal, the City's bird-deterrence activities and tree maintenance activities have been prohibited during this interlocutory appeal under a temporary administrative stay entered in October 2023. The Court vacated the stay when it issued its original panel opinion in April 2024. But when the Court withdrew that opinion and certified the question regarding the amendment, the stay was revived. Now that the certified question has been answered in a manner that forecloses Plaintiffs' claims under the amendment, the City respectfully requests that the Court vacate the stay as quickly as possible.

The temporary administrative stay has been the source of considerable dispute in this appeal. The City has sought relief from it several times so that it could conduct seasonal bird deterrence activities to prevent nesting in the Project Area. Most recently, the Court allowed the City to conduct those activities beginning in January of this year, but only "until migratory cormorants arrive." ECF No. 276. The City ceased its bird deterrence activities at the beginning of May after cormorants were observed in the Park. However, as of this filing, the City is not aware that any migratory birds have nested in the Project Area. The federal Migratory Bird Treaty Act, 16 U.S.C. § 703, forbids interference with actively nesting migratory birds and their nests. The statutory prohibition lasts "from the moment that egg is conceived

in the nest until the fledgling can get out on its own." ROA.4470. Cormorants could nest and lay eggs in the Project Area at any moment, which would effectively bar the City from maintaining the Project Area until the cormorants depart with the first cold snap of fall, likely in October. But for now, the City would be able to resume bird deterrence in the Project Area as soon as the Court vacates the temporary administrative stay. Resuming bird deterrence activities would advance the compelling interest in protecting public health from excessive bird excrement. ECF No.231-1 p. 7-8; ECF No.209 p. 21-23 (withdrawn opinion).

In addition, there has been significant flooding in the City due to recent storms. On June 12, the City received more than six inches of rain in a six-hour period.[1] The resulting floodwaters killed at least thirteen people in the City's Beitel Creek area. Such significant weather events also exacerbate existing damage to the riverbanks within the Project Area and the trees along the riverbanks in that area. The City cannot respond to flood damage to the riverbanks, retaining walls, and damaged trees until the Court vacates the temporary administrative stay.

The City therefore respectfully prays that the Court promptly vacate the temporary administrative stay.

---

[1] The Court may take judicial notice of the rainfall levels, which are available online from the National Weather Service. https://www.weather.gov/wrh/Climate?wfo=ewx

Respectfully submitted,

/s/ Jane Webre
Jane Webre
State Bar No. 21050060
jwebre@scottdoug.com
SCOTT DOUGLASS & MCCONNICO LLP
Colorado Tower
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

LANGLEY & BANACK, INC.
FRED R. JONES
State Bar No. 10886700
fjones@langleybanack.com
NATALIE F. WILSON
State Bar No. 24076779
nwilson@langleybanack.com
IAN M. MCLIN
State Bar No. 24005071
imclin@langleybanack.com
LEE WARREN
State Bar No. 24099453
lwarren@langleybanack.com
SARA MURRAY
State Bar No. 14729400
smurray@langleybanack.com
745 East Mulberry, Suite 700
San Antonio, TX  78212-3166
Telephone: (210) 736-6600
Facsimile:  210) 736-6889
CITY OF SAN ANTONIO

DEBORAH KLEIN
Deputy City Attorney
State Bar No. 11556750
Deborah.Klein@sanantonio.gov
International Center
203 S. St. Mary's Street,
2nd Floor
San Antonio, TX 78205
Telephone: (210) 207-8949
Facsimile: (210) 207-4004

**ATTORNEYS FOR DEFENDANT-APPELLEE CITY OF SAN ANTONIO**

CERTIFICATE OF SERVICE

I certify that on June 19, 2025, I electronically filed the foregoing pleading via the CM/ECF system, which will provide notice to counsel of record:

Mark W. Rasmussen
mrasmussen@jonesday.com
Margaret I. Lyle
milyle@jonesday.com
Chance McCraw
cmccraw@jonesday.com
Timothy M. Villari
tvillari@jonesday.com
JONES DAY
2727 N. Harwood Street
Dallas, TX 75201

John Greil
john.greil@law.utexas.edu
Steven T. Collis
steve.collis@law.utexas.edu
LAW AND RELIGION CLINIC
UNIVERSITY OF TEXAS SCHOOL OF LAW
727 East Dean Keaton Street
Austin, TX 78705

_____
Jane Webre

<u>Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type-Style Requirements</u>

 This pleading complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 604 words, excluding exempt parts. It complies with the typeface and type style requirements of Rule 27(d)(1)(E) because it was prepared in a proportionally spaced typeface (14-point Times New Roman with 12-point footnotes). I understand that a material misrepresentation in this certificate of compliance may result in striking the pleading and in sanctions against the person signing the pleading.

_____
Jane Webre

<u>CERTIFICATE OF CONFERENCE</u>

 On June 17, counsel for the City, Fred Jones, called counsel for Plaintiffs, John Greil, regarding this pleading. There was no answer, so Mr. Jones left a voicemail informing Mr. Greil of this filing and the relief the City seeks. As of this filing, Mr. Greil has not returned the call or otherwise informed the City whether Plaintiffs oppose this motion.

_____
Jane Webre