No. 23-50746

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

GARY PEREZ AND MATILDE TORRES,

*Plaintiffs-Appellants,*

v.

CITY OF SAN ANTONIO,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Texas (Biery, J.)

## RESPONSE TO APPELLEE'S MOTION TO LIFT TEMPORARY
## ADMINISTRATIVE STAY

Mark W. Rasmussen
Margaret I. Lyle
Chance McCraw
Timothy M. Villari
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
E-mail: mrasmussen@jonesday.com
E-mail: milyle@JonesDay.com
E-mail: cmccraw@jonesday.com
E-mail: tvillari@jonesday.com

ATTORNEYS FOR PLAINTIFFS

John Greil
Steven T. Collis
Law & Religion Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Telephone: +1.512.471.5151
E-mail: john.greil@law.utexas.edu
E-mail: steven.collis@law.utexas.edu

ATTORNEYS FOR PLAINTIFFS

Less than two months ago, this Court denied the City's motion to lift the stay that prevents the City from deterring cormorants—birds that are essential to Plaintiffs' religion—in the Project Area. Now the City is back again to ask permission to deter cormorants, raising the same arguments this Court previously rejected.[1] The City says it needs to deter cormorants to protect the public from bird guano. But (a) cormorants have never posed a health risk and (b) no guano has accumulated despite the stay. The City also argues that it might not be able to begin its construction project until October if it cannot stop cormorants from nesting. But preventing a slight delay is hardly an "interest[] of the highest order" that satisfies strict scrutiny. *See Fulton v. City of Philadelphia*, 593 U.S. 522, 541 (2021) (citation omitted).

Additionally, the City contends that the stay should be lifted due to an ostensible concern over potential flood damage, citing a week-old flood that occurred *five miles away*. The City has presented no evidence that the recent storms damaged the walls in the Project Area, however, and the City failed to explain why a flood in another part of the City justifies an immediate need to rip up religiously-necessary trees in Brackenridge Park. In any event, the current stay does not stop the City from taking prophylactic measures elsewhere along the San Antonio River and in Brackenridge Park to reduce the risk of flooding downstream.

---

[1] While the City called one of Plaintiffs' counsel 40 minutes before filing its improper "notice" requesting to lift the stay on June 17, this Court took no action on that pleading (ECF 320-2), and the City contacted no Plaintiffs' counsel regarding this motion.

Because the City failed to present a compelling reason to disturb the status quo, the Court should leave the stay in place while it considers Plaintiffs' claims on appeal. The Texas Supreme Court's June 13 opinion addressed only the Religious Services Amendment to the Texas Constitution. Plaintiffs have outstanding claims under Texas RFRA, the Texas Constitution's freedom-of-worship provision, and the federal Free Exercise Clause. Plaintiffs are eager to proceed with litigation in district court, but the City errs in assuming that the legal and factual issues Plaintiffs identified in their petition for panel rehearing need not be considered. *See* ECF 215.

## A. Nearly All of the Legal and Factual Issues Identified in Plaintiffs' Petition for Panel Rehearing Are Unresolved.

In April 2024, this panel affirmed the district court's orders denying Plaintiffs' motion for a preliminary injunction and lifted the stay that prevented the City from deterring cormorants or removing trees in the Project Area. *Perez v. City of San Antonio*, 98 F.4th 586 (5th Cir.) ("*Perez I*"), *withdrawn and superseded on rehearing by* 115 F.4th 422 (5th Cir. 2024) ("*Perez II*"). Following that decision, Plaintiffs petitioned for en banc review, ECF 214, and panel rehearing, ECF 215. Specifically, Plaintiffs urged the Court to vacate its opinion because:

- The panel opinion's substantial burden analysis relied on a theological judgment and was inconsistent with record testimony. *See* ECF 215 at 10–12; *compare Perez I*, 98 F.4th at 599–600 ("[T]he City's rookery management program does not substantially burden Appellants' religious beliefs because cormorants can still nest elsewhere in the 343-acre Park or nearby."), *with* ROA.4120:22–4121:2 (Q: "If the cormorants are not permitted to nest in the Project Area but they are nesting nearby, is that

presence close enough for the spiritual … ecology that you claim is present and necessary in the Project Area?"  Perez:  "No, ma'am, it isn't.").

- The panel opinion's conclusion that the burden imposed by the City was real but not significant because the City's plan only *indirectly* burdens Plaintiffs' religion is inconsistent with Fifth Circuit precedent.  *See* ECF 215 at 12–13; *see also Merced v. Kasson*, 577 F.3d 578, 591 (5th Cir. 2009) (rejecting the argument that "a burden is not substantial if it is incidental" because "[s]uch an interpretation violates TRFRA's plain language").

- The panel opinion's compelling-interest analysis for bird deterrence did not consider record evidence of the City's underinclusivity.  *See* ECF 215 at 14–16.

- The opinion appears to place the burden on Plaintiffs to provide a less religiously restrictive alternative.  *See* ECF 215 at 17.

- Affirmative testimony from City witnesses concedes that the City did not attempt to accommodate—let alone actually accommodate—Plaintiffs' religious practice.  *See* ECF 215 at 18–22.

- The panel opinion deepened a circuit split by holding that governments have no burden to investigate alternatives.  *See* ECF 215 at 22–23.

The Court "pretermit[ted] further consideration of [Plaintiffs' other] claims pending resolution of the Texas constitutional issue" when it withdrew the panel opinion and certified the Religious Services Amendment to the Supreme Court of Texas.  *Perez II*, 115 F.4th at 427.  Those additional petitioned grounds remain for reconsideration.

In deciding the certified question, the Texas Supreme Court "express[ed] no opinion on whether the Free Exercise Clause or the Texas RFRA protect the religious liberties Perez asserts."  *Perez v. City of San Antonio*, 2025 WL 1675639, at *13 (Tex. June

13, 2025); *see also id.* at *11 (Religious Services Amendment "*supplements* and does not *supplant* the protections already provided by the Free Exercise Clause, the Freedom of Worship Clause, and the Texas RFRA."). Plaintiffs join in the City's request for an expeditious decision, but Plaintiffs respectfully maintain that Plaintiffs' rehearing petition should inform that decision. *Cf. id.* at *15 (Sullivan, J., dissenting) ("[T]he plaintiffs might fare better with their claims under [TRFRA] or Article I, Section 6 of the Texas Constitution. Perhaps we would agree that they 'have demonstrated a likely violation of their rights under [TRFRA].'" (quoting *Perez I*, 98 F.4th at 614 (Higginson, J., concurring in part and dissenting in part))).

In the meantime, the Court should keep the stay in place. Doing so preserves the Court's jurisdiction, maintains the status quo, and protects Plaintiffs from irreparable harm while the Court resolves the appeal.

### B.    The Stay Does Not Harm the City's Interests.

Despite no facts on the ground changing since the Court last denied the City's request to lift the stay, ECF 298-2, the City again seeks the same relief. It identifies no changed circumstances with respect to deterring cormorants.

*First*, the City continues to lack a compelling interest in starting construction three or four months sooner for a project that was approved in 2016. *See Fulton*, 593 U.S. at 541 ("A government policy can survive strict scrutiny only if it advances '*interests of the highest order.*'" (citation omitted and emphasis added)).

*Second*, deterring *cormorants* at the Project Area does not further a compelling interest in preventing bird guano. Cormorants are not a health concern. *See, e.g.*, ROA.4617:3–5 ("Q. And the goal of bird deterrence at Lambert Beach is to . . . deter egrets and herons, correct? A. Correct."); ROA.4462:18–19 ("Q. Is cormorant nesting a health concern? A. No.").

*Third*, the City successfully deterred the problem birds—egrets and herons—before the cormorants arrived. Those problem birds settled elsewhere, and the City does not suggest that they have returned or will return to the Project Area.

*Finally*, the City does not contend that guano has accumulated *at all* during the nearly two months that it has been unable to deter cormorants. The current status quo thus represents a workable situation where Plaintiffs can perform their religious ceremonies, while the City faces no guano problem. The Court should reject the City's bird deterrence request and keep the stay in place. Alternatively, the Court could rule on Plaintiffs' pending Emergency Motion for an Injunction Pending Appeal. ECF 6, *carried with the case by* ECF 74, *denied by Perez I*, 98 F.4th 586, *denial vacated by Perez II*, 115 F.4th 422.

## C.    A Week-Old Flood Miles Away Does Not Establish a Compelling Interest.

The City raises a new concern about floodwaters in Bexar County. Like its demonstrably false claim that cormorant deterrence is necessary to "protect[] public health," the City's new "flood damage" concern rests on the "kind of 'broadly

formulated interest[]' that does not satisfy the scrutiny mandated by TRFRA." *Barr v. City of Sinton*, 295 S.W.3d 287, 306 (Tex. 2009). A flood occurring *over a week ago* and *miles away* does not establish that the Lambert Beach retaining walls were damaged by the storm, are likely to be damaged, or that the City cannot wait on the Court to decide this appeal to begin its repairs. Nor does the stay—or even this Court's ultimate decision on the merits—prevent the City from addressing concerns or taking proactive measures to reduce the risk of flood damage that do not affect the Project Area.



*Showing distance between Lambert Beach and site of the flood event (5.06 miles)*

Moreover, the City provided *zero* evidence of any changed tree conditions. That too should doom its motion. *See id.* at 307 (TRFRA requires the government to provide "evidence to support [its] assertion with respect to 'the particular practice at issue'").

Because the City failed to present an adequate reason for disturbing the status quo, the Court should deny the City's motion to lift the stay.

June 24, 2025

Respectfully submitted,


_/s/ John Greil_

Mark W. Rasmussen
Margaret I. Lyle
Chance McCraw
Timothy M. Villari
JONES DAY
2727 N. Harwood St.
Dallas, Texas 75201
214-220-3939
mrasmussen@jonesday.com
milyle@jonesday.com
cmccraw@jonesday.com
tvillari@jonesday.com


_Counsel for Plaintiffs_

John Greil
Steven T. Collis
LAW AND RELIGION CLINIC
UNIVERSITY OF TEXAS SCHOOL OF LAW
727 East Dean Keeton St.
Austin, Texas 78705
(512)-471-5151
john.greil@law.utexas.edu
Steven.collis@law.utexas.edu


_Counsel for Plaintiffs_

## CERTIFICATE OF SERVICE

I certify that on June 24, 2025, the foregoing brief was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, and that all parties required to be served have been served. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Chance B. McCraw
Chance B. McCraw
*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,512 words, excluding parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond text, 12-point Garamond footnote) using Microsoft Word (the program used for the word count).

Dated:  June 24, 2025

/s/ Chance B. McCraw
Chance B. McCraw
*Counsel for Plaintiffs*